[No. 1500, May 31, 1913.]

# TERRITORY OF NEW MEXICO, Appellee, v. JAMES O. LYNCH, Appellant.

## SYLLABUS (BY THE COURT)

1. In the superintendence of the process of empaneling the jury, a large discretion is necessarily confided to the judge, which discretion will not be revised on error or appeal, unless it appears to have been grossly abused or exercised contrary to law.

P. 29

2. Within reasonable limits, each party has a right to put pertinent questions to show, not only that there exists proper grounds for a challenge for cause, but to elicit facts to enable him to decide whether or not he will exercise his right of peremptory challenge.

P. 31

3. Where persons have authority to arrest and are resisted and killed, in the proper exercise of such authority, the homicide is murder in all who take part in such resistance.

P. 33

4. Where the arrest is illegal, the offense is reduced to manslaughter, unless the proof shows express malice toward the deceased.

P. 33

5. If the outrage of an attempted illegal arrest has not excited the passions, a killing will be murder.

P. 33

6. Nothing short of an endeavor to destroy life or inflict great bodily harm will justify the taking of life in those cases where an illegal arrest is attempted.

P. 34

7. As to the sufficiency of a warrant, it should appear

on its face to have duly proceeded from an authorized source. It need not set out the crime with the fullness of an indictment, but it should contain a reasonable indication thereof.

P. 34

8. A ministerial officer acting under process fair on its face, issued from a tribunal or person having judicial powers, with apparent jurisdiction to issue such process, is justified in obeying it against all irregularities and illegalities except his own.

P. 34

9. Where there is any evidence tending to show such a state of facts as may bring the homicide within the grade of manslaughter, defendant is entitled to an instruction on the law of manslaughter, and it is fatal error to refuse it.

P. 35

Appeal from District Court, Eddy County; Clarence J. Roberts, Associate Justice; reversed and remanded.

W. W. GATEWOOD, R. L. GRAVES, O. O. ASKREN and A. B. STOKEY, for appellant.

New Mexico homicide statutes. Sec. 1060, C. L. 1897; Territory v. Montoya, 125 Pac. 622; sec. 1, chap. 36, also sec. 2, laws of 1907; Whitford v. Com., 18 Am. Dec. 774; sec. 1061, C. L. 1897; sec. 1062, C. L. 1897; sec. 1069, C. L. 1897; sec. 11, chap. 36, laws of 1907; sec. 1071, C. L. 1897; 2 Mo. Anno. Stat. 1906, sec. 1818.

As to qualification of jury. State v. Culler, 82 Mo. 623; Smith v. Moore, 74 Vt. 81; O'Mera v. Com., 75 Pa. St. 424; Gold Mining Co. v. Bank, 96 U. S. 640; Reynolds v. U. S., 98 U. S. 145; Williams v. U. S., 93 Fed. 396; Demmick v. U. S., 121 Fed. 638; Gallot v. U. S., 87 Fed. 446; State v. McDaniel, 39 Ore. 161; State v. Mott, 74 Pac. 728; Osiander v. Com., 3 Leigh. 780; State v. Simas, 25 Nev. 432; People v. O'Loughlin, 3 Utah 133; Lindsey v. State, 69 Ohio St. 215; Thomas v. People, 67 N. Y. 218; People v. Brown, 84 Pac. 204; Com. v.

Minney, 87 Pac. 1123; Walker v. State, 41 So. 878; Johnson v. State, Tex. Cr. Rep. 244; Johnson v. State, 94 S. W. 224; People v. Brown, 14 Pac. 91; Olive v. State, 34 Fla. 203; State v. McCarver, 194 Mo. 717; Kegans v. State, 16 Tex. Ct. 569; Daugherty v. State, 96 S. W. 748; Campos v. State, 76 S. W. 100; State v. Church, 98 S. W. 16; Croft v. Chicago, etc. R. Co., 109 N. W. 723; People v. Brown, 148 Cal. 743; State v. Darling, 97 S. W. 592; Leigh v. Territory, 85 Pac. 948; State v. Myers, 198 Mo. 225; Theobald v. St. Louis Transit Co., 191 Mo. 395; Shepard v. Lewiston, etc. R. Co., 65 Atl. 20; Robinson v. Com., 104 Va. 888; Hicks v. State, 54 S. E. 807; State v. Rodriguez, 115 La. 1004; Lindsey v. People, 6 Park. Crim. 244; Casey v. State, 37 Ark. 67; O'Connor v. State, 9 Fla. 215; Fahnestock v. State, 25 Ind. 231; State v. Lawrence, 38 Ia. 51; State v. Bryant, 93 Mo. 273; State v. Cockman, 60 N. C. 484; Reed v. State, 32 Tex. Cr. 25; Jones v. People, 6 Colo. 452; Stout v. State, 90 Ind. 1; State v. Field, 89 Ia. 34; Suit v. State, 17 S. W. 458; Reynolds v. U. S., 98 U. S. 145; Gallot v. U. S., 87 Fed. 446; Dammitt v. U. S., 121 Fed. 638; Williams v. U. S., 93 Fed. 396; State v. McDaniel, 39 Ore. 161; Osiander v. Com., 3 Leigh. 780; State v. Simas, 25 Nev. 432; People v. O'Laughlin, 3 Utah 133; Lindsey v. Hate, 69 Ohio St. 215; People v. Brown, 84 Pac. 204; State v. Kinney, 87 Pac. 1123; O'Mara v. Com., 75 Pa. St. 424; People v. Mather, 4 Wend. 229; People v. Edwards, 41 Cal. 640; Armistead v. Com., 11 Leigh. 657; Jackson v. Com., 23 Gratt. 919; Ortwein v. Com., 77 Pa. St. 414; State v. Beatty, 45 Kas. 492; State v. Murphy, 9 Wash. 204; Miller v. State, 29 Nev. 437; Rothschilds v. State, 7 Tex. App. 514; State v. Kingsbury, 58 Me. 238; State v. Howard, 17 N. H. 171; People v. King, 27 Colo. 507; Rogers v. Rogers, 14 Wend. 133; People v. Johnson, 46 Calif. 78; Ex parte Vermilyea, 6 Conn. 555; Holt v. People, 13 Mich. 224; State v. Hartman, 10 Ia. 589; Palmer v. State, 118 S. W. 1022; Shaftall v. Downly, 112 S. W. 176; Morgan v. Stevenson, 6 Ind. 169; McGregg v. State, 4 Black. 101; Brown v. State, 7 Ind. 576; Thiede v. Utah, 159 U. D. 510; Territory v. Emilio, 14 N. M. 147; State v.

Slater, 8 Ia. 420; Mann v. Glover, 14 N. J. L. 195; State v. Hinkle, 6 La. 380; Holt v. People, 13 Mich. 224; Palmer v. State, 118 S. W. 1022; State v. Hartman, 10 Ia. 589; Shaftall v. Downey, 112 S. W. 176; Morgan v. Stevenson, 6 Ind. 169; State v. Weaver, 36 S. E. 499; People v. Brotherton, 43 Calif. 530; Pointer v. U. S., 151 U. S. 396; People v. Brown, 14 Pac. 90; Watson v. Whitney, 23 Calif. 375; People v. Cer Soy, 57 Calif. 102; Ponder v. State, 27 Fla. ......; U. S. v. Alexander, 2 Idaho 354; Donovan v. People, 139 Ill. 412; Percy v. Mich. Mut., etc., 111 Ind. 59; Hildreth v. City of Troy, 101 N. Y. 234; Mooney v. People, 7 Colo. 218; Stratton v. People, 5 Colo. 276; DePuy v. Quinn, 61 Hunn. 237; Monk v. State, 27 Tex. 450; Wade v. State, 12 Tex. App. 358; State v. Carries, 39 La. App. 931; Johns v. McGonegal, 136 N. Y. 62; State v. Boner, 81 Pac. 484; State v. Kent, 5 N. D. 516; State v. Raymond, 11 Nev. 98; Ford v. Umatilla, 15 Ore. 313.

No ground for challenge specified. State v. Evans, 161 Mo. 95; Freeman v. People, 4 Denio 9; Territory v. Lopez, et al., 3 N. M. 156; State v. Taylor, 134 Mo. 109; State v. Reed, 137 Mo. 125; State v. Dyer, 139 Mo. 199; State v. Albright, 144 Mo. 638; State v. Soper, 148 Mo. 217; People v. Reynolds, 16 Calif. 128; People v. Hardin, 37 Calif. 258; People v. Dick, 37 Calif. 277; People v. Renfrow, 41 Calif. 37.

In case of doubt as to qualification of venireman, the court should resolve the doubt in favor of the prisoner. Holt v. People, 13 Mich. 224; People v. Brotherton, 43 Cal. 530; Coughlin v. People, 19 L. R. A. 57; Cowan v. State, 22 Neb. 519; State v. Fourchey, 51 La. Ann. 228; Thurman v. State, 27 Neb. 628; Keaston v. State, 40 Tex. Cr. 139; U. S. v. Schneider, 21 D. C. 381; People v. Weil, 40 Cal. 268; Poet v. State, 45 Ark. 165; Caldwell v. State, 69 Ark. 322; State v. Brown, 15 Kas. 400; State v. Stevens, 68 Kas. 576; State v. Tibbs, 48 La. Ann. 1278; Huntley v. Territory, 7 Okl. 60; State v. Rutter, 13 Wash. 203; State v. Stentz, 30 Wash. 134; Theisen v. Johns, 72 Mich. 285; Klyce v. State, 79 Miss. 652; Rothschilds v. State, 7 Tex. App. 519; Thompson v. State, 19 Tex.

Territory v. Lynch, 18 N. M. 15.

App. 592; Hudson v. State, 28 Tex. App. 323; Blackwell
v. State, 29 Tex. App. 194; State v. Kent, 5 N. D. ......;
Gardner v. People, 6 Park Cr. 155; Twombly's Case, 10
Pick. 480.

In cases of veniremen, the crucial question is whether
the opinion entertained would or might influence the mind
of the juror. Coughlin v. People, 19 L. R. A. 57; Rozen-
cranz v. U. S., 155 Fed. 38; Coughlin v. People, 19 L. R.
A. 57; Maddox v. State, 32 Ga. 581; Nelms v. State, 13
Sme. & Marsh 500; Com. v. Knapp, 20 Am. Dec. 491;
sec. 3404, C. L. 1897; Lewis v. U. S., 146 U. S. 370; Schu-
maker v. State, 5.Wis. 324; State v. Briggs, 27 S. C. 80.

Error in overruling peremptory challenge. Hale v. State,
16 So. 389; 12 Enc. Pl. & Pr., 483; Burke v. McDonald,
3 Ida. 296; 24 Cyc. L. & Proc. 362; Stewart v. State, 13
Ark. 720; Hale v. State, 72 Miss. 140; State v. Steeves,
29 Ore. 85; State v. Mann, 83 Mo. 589; Pender v. State,
27 Fla. 370; State v. Garrington, 11 S. D. 178; People
v. Car Soy, 57 Cal. 102; Patrick v. State, 45 Tex. Crim.
587; Barnes v. State, 88 S. W. 805; Bayse v. State, 45
Neb. 261; Watson v. Whitney, 23 Cal. 375; Gatzow v.
Buening, 106 Wis. 1; Monaghan v. Ins. Co., 18 N. W.
800; State v. Tighe, 71 Pac. 3.

On the admission in evidence of ordinance No. 213 of
the city of Roswell. Secs. 1412, 4212, 2402 and 2408, C.
L. 1897; Port Huron v. McCall, 46 Mich. 565; Minton v.
Larue, 23 How. 435; Lafayette v. Cox, 5 Ind. 38; Bant
v. Chillicothe, 7 Ohio 31; Kirkman v. Russell, 76 Va.
956; Corvalis v. Carlib, 10 Ore. 139; Hanger v. Des
Moines, 54 Ia. 193; Brenham v. Water Co., 67 Tex. 542;
Tax Coll. v. Dendinger, 38 La. 261; Henke v. McCord,
55 Ia. 378; Sullivan v. Oneida, 61 Ill. 242; Phillips v.
Allentown, 11 Pa. St. 481; Wilcox v. Hemming, 58 Wis.
144; Hart v. Albany, 9 Wend. 571; Kirk v. Orvell, 1
Tenn. 124; Miles v. Chamberlain, 17 Wis. 446; Hampton
v. Conroy, 9 N. W. 417; Taylor v. Coronelet, 22 Mo. 105;
Cutler v. Doughty, 5 Ohio 245; Rosenbaugh v. Coffin, 10
Ohio 31; Vanden v. Mount, 78 Ky. 86; Grand Rapids v.
Hughes, 15 Mich. 54; State v. Ferguson, 33 N. H. 424;
McQuill Munc. Ord., secs. 169-170; 1 Dill. Muc. Corp.

(4th ed.), sec. 339; 28 Cyc. 761; 1 Beach Pub. Corp., sec. 527; In re Cloherty, 27 Pac. 1064; Assari v. Wells, 681 Kas. 787; MacInerney v. Denver, 17 Colo. 302; Philadelphia v. Brizantine, 16 N. J. 127; State v. City of Cape May, 63 N. J. L. 429; Kirk v. Nowell, 1 Tenn. 124; Hart v. Albany, 9 Wend, 574; Liberty v. Brendy, 88 Pac. 1116; In re Tuile, 71 Kas. 658; State v. Kearney, 8 N. C. 53; State v. Walters, 97 N. C. 489; State v. May, 44 Atl. 209; sec. 10, Organic Act of N. M.; U. S. Rev. State. (1878), sec. 1926; Poindexter v. Greenhow, 114 U. S. 270; Sprague v. Thompson, 118 U. S. 91; Pollock v. Farmer's etc., 158 U. S. 601; Warren v. Charlestown, 2 Gray. 84; Johnson v. State, 59 N. J. L. 535; 1 Lewis Suth. Stat. Const., sec. 297; State v. Weed, 22 N. H. 262; Garcia v. Sanders, 35 S. W. 52; Coffin v. Carila, 8 Tex. Cr. App. 417; Sheldon v. Hill, 33 Mich. 171; Bird v. Householder, 32 Pa. St. 168; Kramer v. Lott, 50 Pa. St. 495; Moore v. Watts, 1 Ill. 42; Fisher v. McGirr, 1 Grey 45; Rosen v. Fischel, 44 Conn. 371; Helbish v. Howe, 58 Pa. St. 93; State v. Shackklett, 37 Mo. 280; Gruman v. Raymond, 1 Conn. 40; Savarool v. Boughton, 5 Wend. 170; Collmer v. Drury, 16 Vt. 574; State v. Leach, 7 Com. 456; Temple v. State, 15 Tex. App. 304; State v. Pitman, 10 Kas. 593; Hopkins v. K. S. etc., 79 Mo. 98; Johnson v. Counsel, 16 Ind. 227; Hard v. Decorah, 43 Ia. 313; State v. Cleveland, 80 Mo. 108; Coa College v. Cedar Rapids, 120 Ia. 541; Mount Pleasant v. Beckwith, 100 U. S. 514; Minturn v. Larne, 23 How. 435; Ottawa v. Carley, 108 U. S. 110; Detroit v. Detroit, 56 Fed. 867; City of Roswell v. Railway Co., 16 N. M. 685; Com. Laws of 1897, sec. 2401; Glass v. Ashbury, 49 Cal. 502; Hovey v. Mayo, 43 Me. 322; Hurford v. Omaha, 4 Neb. 336.

The court erred in admitting the warrant in evidence over objection. U. S. v. Tureaud, 20 Fed. 621; State v. Richardson, 34 Minn. 115; 1 Bish. New Crim. Law, sec. 204; Dougdale v. The Queen, 1 El. & B. 435; Garcia v. Sanders, 35 S. W. 52; Coffin v. Varili, 8 Tex. Civ. App. 417; Sheldon v. Hill, 33 Mich. 171; Bird v. Householder, 32 Pa. St. 168; Cramer v. Lott, 50 Pa. St. 495; Moore v. Walts, 1 Ill. 42; State v. Intox. Liq., 64 Ia. 300; Allen

v. Staples, 6 Grey 491; Henke v. McCord, 55 Ia. 378; Miles v. Chamberlain, 17 Wis. 446; Hampton v. Monroe, 56 Ia. 498; Taylor v. Carondelet, 22 Mo. 105; Cutler v. Doughty, 5 Ohio 245; Vanden v. Mount, etc., 78 Ky. 86; Miers v. State, 34 Tex. Cr. 161; Creighton v. State, 3 Yerg. 392.

Error as to instructions upon request. John Brown v. U. S., 159 U. S. 100; Foster's Crown Law, 319; McQuillen Municipal Ordinances, 476; Chit. Crim. Law (1819 ed.), 36 to 38; Shea v. City of Muncie, 148 Ind. 14; Lawson v. State, 55 Ala. 118; Bryant v. State, 46 Ala. 308; Haflter v. State, 51 Ala. 37; Eesspy v. State, 47 Ala. 533.

Killing reduced to manslaughter. West v. Cabell, 153 U. S. 78; Miers v. State, 34 Tex. Crim. 161; Noles v. State, 26 Ala. 31; State v. Patterson, 45 Vt. 308; Helms v. U. S., 2 Ind. Ter. 595; Jones v. State, 26 Tex. App. 1; Dyson v. State, 14 Tex. App. 454; Robertson v. State, 43 Fla. 156; Bishop Crim. Law, (6th ed.) vol. 1, 686; State v. Symes, 20 Wash. 484; Alford v. State, 8 Tex. App. 545; Johnson v. State, 5 Tex. App. 43; Ledbetter v. State, 23 Tex. App. 247; Rafferty v. State, 69 Ill. 111; Meuly v. State, 26 Tex. App. 274; Cryer v. State, 71 Miss. 467; Com. v. Carey, 12 Cush. 246; Roberts v. State, 14 Mo. 138; Muscoe v. Com., 86 Va. 443; John Bad Elk v. U. S., 177 U. S. 529; Tacket v. State, 11 Tenn. 392; Poteete v. State, 68 Tenn. 261; Ter. v. Trapp, 16 N. M. 700; 1 Chit. Crim. L., 56; Jones v. State, 26 Tex. App. 1; 8 Am. St. Rep. 454; State v. Evans, 84 Am. St. 669; People v. Burt, 51 Mich. 199; Thomas v. State, 91 Ga. 204; Briggs v. Comm., 82 Va. 554; People v. Lewis, 117 Cal. 186; State v. Mathews, 148 Mo. 185; Powell v. State, 101 Ga. 9; State v. Thompson, 9 Ia. 188; People v. Batchelder, 27 Cal. 69; Phillips v. Com., 2 Duv. 328; C. & M. Law of Crimes, 395; 1 Bish. Crim. Law (6th ed.), sec. 853; People v. Flanagan, 60 Cal. 2; State v. Moore, 31 Comm. 479; State v. Dugan, Houst. Crim. R., 563; State v. Thompson, 9 Ia. 188; State v. Rutherford, 8 N. C. 457; Shorter v. People, 2 N. Y. 193; People v. Newcomer, 118 Cal. 263; 1 Chitty Crim. L., 35; Morgan v. Dufres, 69 Mo. ......; People v. Lewis, 117 Cal. 186; Rowe v. U. S.,

164 U. S. 546; Wilson v. State, 30 Fla. 234; Young v. State, 2 L. R. A. (N. S.) 66; Pond v. People, 6 Mich. 150; State v. Peacock, 40 Ohio St. 333; Mart v. State, 26 Ohio St. 167; Brown v. People, 39 Ill. 407; State v. Dugan, Houst. Crim. Rep., 563; Elder v. State, 69 Ark. 648; Sparks v. Com., 89 Kas. 644; Baker v. Com., 93 Ky. 304; 3 Greenleaf on Ev., sec. 117; Powell v. State, 101 Ga. 9; Morgan v. Durfree, 69 Mo. 469; Miers v. State, 34 Tex. Crim Rep., 161; Muely v. State, 26 Tex. App. 274; Noles v. State, 26 Ala. 31; Ross v. State, 10 Tex. App. 455; Brinkley v. State, 89 Ala. 34; Ter. v. Trapp, 16 N. M. 700; Spearman v. State, 23 Tex. App. 224; Owens v. State, 23 Tex. App. 224; Owens v. U. S., 130 Fed. 279; People v. Lennon, 71 Mich. 298; State v. Crawford, 71 Pac. 1031; State v. Ellis, 70 Pac. 963; People v. Fitzpatrick, 39 Pac. 605; State v. Reid, 42 Am. St. Rep. 322; Campbell v. People, 16 Ill. 17; Richardson v. State, 7 Tex. App. 486; Logue v. Com., 38 Pa. 265; State v. Scheele, 57 Conn. 307; Cortez v. State, 44 Tex. Cr. Rep. 169; Stockton v. State, 25 Tex. 775; Coleman v. State, 121 Ga. 594; Simmerman v. State, 14 Neb. 568; Creighton v. Com., 83 Ky. 142; Ross v. State, 10 Tex. App. 455; Wright v. Com., 85 Ky. 123; Territory v. Chenney, 16 N. M. 476; Morgan v. Ter., 7 Ariz. 224; Smith v. State, 59 Ark. 132; People v. Anderson, 44 Cal. 65; People v. Harbert, 61 Cal. 544; Harris v. People, 32 Colo. 211; State v. Rolla, 21 Mont. 582; Shorter v. People, 2 N. Y. 193; State v. Scott, 26 N. C. 409; Marts v. State, 26 Ohio St. 162; Well v. Ter., 14 Okla. 436; Logue v. Com., 38 Pa. 265; Mahaffey v. Ter., 11 Okla. 213; State v. Shodwell, 26 Mont. 52; Jenkins v. State, 123 Ga. 525; Greer v. Com., 111 Ky. 93; State v. Spirly, 101 Mo. 87; State v. Hubbard, 104 N. W. 1120; Mooney v. State, 65 S. W. 926; Gardner v. State, 40 Tex. Crim. Rep. 19; State v. Young, 22 Wash. 273; State v. Dolan, 17 Wash. 499.

As to the duty of the trial court to instruct fully upon the law of the case applicable to the facts. Sec. 2992 C. L. 1897; Ter. v. Nichols, 13 N. M. 23; Territory v. Caldwell, 14 N. M. 535; Territory v. Watson, 12 N. M. 419; Territory v. Baca, 11 N. M. 559; Aguilar v. Ter.,

Territory v. Lynch, 18 N. M. 15.

8 N. M. 496; Territory v. Friday, 8 N. M. 204; Territory
v. Fewel, 5 N. M. 34; Territory v. Nichols, 13 N. M. 103;
Territory v. Pino, 11 N. M. 559; Territory v. Pino, 9
N. M. 598; City etc. v. Scholton, 75 Ill. 468; Millican v.
Marlin, 66 Ill. 13; Thompson v. Duff, 119 Ill. 326; Walker
v. Camp, 69 Ia. 741; Brannum v. O'Connor, 77 Ia. 632;
McNeill v. Arnold, 22 Ark. 477; Goodell v. Lumber Co.,
57 Ark. 203; Frank v. Frank, 25 S. W. 819; McFadden
v. Farris, 6 Ind. App. 454; Union etc. Ins. Co. v. Bush-
anan, 100 Ind; Kane v. Torbit, 23 Ill. App. 311; Chicago
etc. v. Calkind, 17 Bradw. 55; Ridens v. Ridens, 29 Mo.
470; De Camp v. Packett, 42 Ill. App.; State v. Wright,
112 Ia. 436; Squires v. Gamble, etc., 86 N. W. 616.

Admission of evidence as to conversations. Greenl. Ev.
(Redf. 4th ed.) sec. 108; Com. v. Trefethen, 157 Mass.
180; State v. Hayward, 62 Minn. 474; Stewart v. State,
19 Ohio 302; Williams v. State, 4 Tex. App. 5; State v.
Winner, 17 Kas. 298; Life Ins. Co. v. Hillson, 145 U. S.
285; People v. Vernon, 49 Am. Dec. 49, note.

Error in sustaining the objection to the admission of
the testimony tendered by the defense. Dupree v. State,
33 Ala. 380; Howard v. State, 23 Tex. App. 265.

As to the remarks of the district attorney in argument.
People v. Lee Chunk, 78 Cal. 329; McDonald v. People,
126 Ill. 150; People v. Wells, 34 Pac. 1078.

H. S. CLANCY, Assistant Attorney General, for Ap-
pellee.

That the determination as to the competency of a juror
to serve must be left to the discretion of the trial judge
as to whether he should be retained or rejected. State v.
Marshall, 8 Ala. 302; U. S. v. Cornell, 2 Mason 91; Rail-
road Co. v. Moynahan, 5 Pac. 812; Howell v. State, 30
N. E. 716; Kumli v. Southern Pac. Co., 28 Pac. 638; State
v. Tom, 8 Ore. 177; State v. Saunders, 14 Ore. 300; Hau-
gen v. Ry. Co., 53 N. W. 771; Bayse v. State, 63 N. W.
814; Com. v. Crossmire, 27 Atl. 41; People v. McLaugh-
lin, 37 N. Y. Suppl. 1011; 24 Cyc. 303; Smith v. Com.,
378 S. W. 586; State v. Cunningham, 12 S. W. 376; Clark

v. Com., 16 Atl. 795; Connors v. U. S., 158 U. S. 408; Territory v. Emelio, 14 N. M. 159; U. S. v. Lewis, 2 N. M. 459; Coleman v. Bell, 4 N. M. 21; Sanchez v. Candelaria, 5 N. M. 400; Territory v. Las Vegas Grant, 6 N. M. 87; U. S. v. De Amador, 6 N. M. 163; Buntz v. Lucero, 7 N. M. 219; Roper v. Territory, 7 N. M. 255; R. R. Co. v. Saxton, 7 N. M. 302; Thomas v. McCormick, 1 N. M. 369; Territory v. McFarlane, 4 N. M. 421; Territory v. Kelly, 2 N. M. 292; Faulkner v. Territory, 6 N. M. 464; Lockhart v. Wollacott, 8 N. M. 21; Territory v. Barnett, 8 N. M. 70; Garcia v. Candelaria, 9 N. M. 374; Schofield v. Territory, 9 N. M. 526; Ins. Co. v. Perrin & Co., 10 N. M. 90.

No error in refusing to instruct the jury as to manslaughter. 1 Am. & Eng. Enc. of L., 752-3; R. v. Curtis, Fost. 135; R. v. Stockley, 1 East. P. C. 310; Roscoe's Crim. Ev., 801; Thompson's Case, 1 R. & M. C. C. R. 80; Galvin v. State, 6 Cold. 291; Williams v. State, 44 Ala. 43; Noles v. State, 26 Ala. 31; Oliver v. State, 17 Ala. 587; Harrison v. State, 24 Ala. 67; Carroll v. State, 23 Ala. 28; Dill v. State, 25 Ala. 15; Pirtchett v. State, 22 Ala. ......; 1 Russ on Crimes, 220; 2 Bishop's Crim. L., secs. 641 to 643; Neeley v. Commonwealth, 93 S. W. 596; State v. Taylor, 44 S. W. 785; Keady v. People, 74 Pac. 892; Roberson v. State, 29 So. 535; Hughes v. Commonwealth, 41 S. W. 294.

No error in denying the motion of appellant to have the court instruct the jury to disregard remarks made by the district attorney in argument. 1 Thomp. Tr., sec. 977; Territory v. Emelio, 14 N. M. 163.

## STATEMENT OF FACTS.

The appellant was indicted by a grand jury of the County of Chaves for the murder of Roy Woofter at the City of Roswell, in said county, and thereafter on change of venue was tried and convicted of murder in the first degree in the District Court sitting for Eddy County. He now brings the case into this court by appeal.

From the record, it appears that Woofter was the city marshal of the city of Roswell, and that in the afternoon

of the 26th day of May, 1911, between the hours of four
and five o'clock, he, accompanied by Henry and Ed. Car-
michael, who were city policemen encountered the de-
fendant and one Fred Higgins in an alley of the city
of Roswell, and there informed the defendant that he had
a warrant for his arrest and for the search of defendant's
house for the purpose of seizing any intoxicating liquor
which might be found upon the premises and handed the
warrant to defendant who examined the same; that the
defendant told the deceased that he had no right to search
his house for liquor, as the same was not a place of busi-
ness; that the deceased then stated that the search was
to be made, and, in company with the defendant, the two
policemen, Fred Higgins and one Red Tom, proceeded
to the house of defendant; that defendant opened the
front door of the house, and all six men entered the front
room.   Shortly after entering, the defendant passed out
of the front room by a side door and into a hallway, fasten-
ing the door behind him, and the five men left in the
room immediately went out of the front door, and the
deceased, together with Henry Carmichael, went around
the house on the porch thereof to a room which was used
as a kitchen.   In the meantime, according to the testi-
mony of the defendant, having left the front room, he
went into the kitchen, slipped off his shoes and transferred
three cases of whiskey from the pantry into the dining
room, and then sat down in the kitchen, and at about
that time he saw the deceased pass the south window of
the kitchen, walking in a westerly direction and he next
saw him when he appeared at the west window, when the
deceased started to raise the screen of the window,
and at the same time Henry Carmichael appeared at the
south window "with his six shooter in his hand and tried
to look in." The defendant jumped up close to the window
at which the deceased was standing, and said "Don't you
break into this window or house or something like that;"
and the deceased "kind of stepped back and went for his
gun like this, in a stooping position," whereupon the de-
fendant instantly shot him with a Winchester rifle, the
bullet first passing through a curtain which was on the

window and also the wire screen. The deceased, after receiving the shot, staggered away from the window in a stooping position with his hands clutching to his stomach, and was thereafter assisted by the two Carmichaels and Higgins to an adjacent house, where he was placed upon the bed and his pistol removed from a hip pocket. Subsequently, Woofter was removed to a hospital where he died the following morning, after making a dying declaration, which was introduced in evidence upon the trial' of the case. In this declaration the deceased stated that he was walking along on the porch at the time he was shot and that he could not see the defendant at the time the shot was fired; that immediately preceding the firing of the fatal shot the defendant said, "Keep off my back porch," and that he knew that it was the defendant who used that language.

## OPINION OF THE COURT.

HANNA, J.—The first nine errors assigned by appellant relate to the empaneling of the jury.

The first assignment predicates error, by the trial court, in sustaining a challenge for cause by the Territory, over objection of the defense, to the venireman, J. D. Merchant, on the grounds that there was sufficient proof to support the challenge, and, that the defendant was not given an opportunity to examine said venireman.

The second assignment of error is based upon the alleged failure of the territory to specify grounds for challenge, in the case of Venireman Merchant, which was sustained by the court.

The third assignment avers a lacking of proof to support the territory's challenge in the case of Venireman J. R. James.

The fourth assigns error in sustaining the territory's challenge, in the case of Venireman James, for an alleged failure to specify a ground for challenge.

The fifth error is predicated upon the trial court's action in overruling defendant's challenge for cause, to Venireman Gossett, who testified that he had a fixed and abiding opinion, predicated upon what he had read in

the newspapers and conversations with different persons, which would require evidence to remove; later testifying, however, that if selected as a juror, he would decide the case solely upon the sworn testimony and not permit what he had heard to influence him in reaching a verdict.

The sixth error has to do with the trial court's action in overruling the challenge of the defendant for cause, to Venireman Schuester, who testified to an opinion arrived at through what he had heard one witness in the case say, which opinion was an abiding and fixed opinion requiring evidence to remove it. In response to questions by the court he said he would lay aside his opinion, when sworn as a juror, and would decide upon the evidence as introduced upon the witness stand.

The seventh error assigned by appellant is based upon the overruling of defendant's challenge, for cause, directed against Venireman Galton. This venireman, upon his examination, testified that he had read newspaper accounts, shortly after the occurrence, from which he formed a decided opinion concerning the guilt or innocence of the defendant, requiring evidence to remove and which was then abiding with him; later he said he thought he could try the case with the same degree of equipoise of mind and impartiality as if he had never formed an opinion.

The eighth alleged error relied upon is based upon the overruling of defendant's peremptory challenge directed against Venireman Crawford. The defendant had exhausted his quota of peremptory challenges and asserts he was wrongfully forced to use a peremptory challenge in each of the cases referred to under assignment of error, numbered 5, 6 and 7, and that it was an abuse of discretion, on the part of the trial court, to refuse to allow an additional peremptory challenge, good cause being shown.

The ninth assignment predicates error upon the refusal of the trial court to allow certain questions to be propounded to Venireman Wm. Carson, by the defense. The facts pertinent to this assignment of error can be more clearly pointed out by quoting from the record, viz:

"Q. I will ask you whether now you have any strong leaning for or against prohibition?

Mr. Fullen: We object to that method of interrogating the juror on the ground we don't believe a prohibition question enters into the trial of this case. The question is whether or not this man was justified in the killing of the man he did.

Mr. Gatewood: We would like to be heard on that.

(Jury withdrawn.)

Court: I will hear you ten minutes. Will your defense be self-defense?

Mr. Gatewood: Yes, sir.

Court: I will sustain the objection for that defense. The question of prohibition will not enter into it.

· Mr. Gatewood: Exception.

(Jury returns.)

I will ask you this question: That if in the course of this trial it should be developed by the testimony that the deceased, Roy Woofter, was a strong Prohibitionist and this defendant an Anti-Prohibitionist and that the homicide grew out of those differences and issues involved therein, can you try this case under that situation of facts strictly according to the law and evidence, or would those facts that I have related be permitted to have any influence whatever over your mind in determining this case?

Mr. Fullen: We object. It is not a proper subject of inquiry, not the proper matter to qualify the juror on.

Court: Objection sustained.

Mr. Gatewood: Exception.

Mr. Carson, if it shall develop by the testimony in this case that the deceased, Roy Woofter, was a strong Prohibitionist and that this was one of the causes of differences that led up to the homicide between them, would that fact influence your mind in this case in any degree whatever against the defendant?

Mr. Fullen: We object on the same grounds.

Court: Objection sustained.

Mr. Askren: Exception."

We are of the opinion that Mr. Thompson correctly states the general rule regarding the discretion of the court in respect of empaneling the jury, as follows:

"In the superintendence of the process of empaneling

the jury, a large discretion is necessarily confided to the judge, which discretion will not be revised on error or appeal, unless it appears to have been grossly abused or exercised contrary to law." 1 Thompson Trials, sec. 88.

With this principle in mind we have made a careful examination of the record pertaining to the matters referred to under the first eight assignments of error, and we find that the fifth, sixth and seventh assignments present very close questions for our consideration. For which reason we prefer to pass to the consideration of the ninth assignment which presents a more clear cut question, one at least less open to argument. Not that we would shirk our responsibility in these matters, but that our decision may rest upon less debatable ground.

What is, or is not, an abuse of judicial discretion will always remain a most difficult question for solution. In the ninth assignment we have presented a question not confined to the phase of this problem referred to as abuse of discretion, but which trenches hard upon the legal rights of the defendant. The learned Attorney General has considered the question as falling within the rule of Connors v. United States, 158 U. S. 414, where the Supreme Court said that "the court correctly rejected the question put to the juror Stewart as to his political affiliations. The law assumes that every citizen is equally interested in the enforcement of the statute enacted to guard the integrity of national elections, and that his political opinions or affiliations will not stand in the way of his duty as a juror in cases arising under the statute."

We think that the case at bar presents a materially different question from that of the Connors case, which is concerned only with the bias resulting from political affiliation. In that case, however, the trial court said that had its attention been called to the matter at the time it would have allowed the inquiry. It also appeared that the Supreme Court believed that the rejection of the question did not prejudice the substantial rights of the accused, or a new trial would have been granted.

In the case at bar we have an inquiry directed toward possible bias and prejudice resulting from a division of a

community over a great social and economic question. Political affiliations are broken down, and the community, during the throes of the change from a wet to a dry territory, and consequent effort at enforcement of new laws, finds itself divided in opinion and swayed by strong passions and prejudices. Those of one side may feel that the personal liberty of the individual is encroached upon, their property confiscated, and even their rights to continue a residence in the community challenged. The opposing view contemplates the protection of the community from a menacing evil affecting every family and each individual. Such conflict of opinion must result in such a condition that to refuse an inquiry into the attitude, or bias, of an individual juror, called upon to try the accused for his life, where his alleged crime grew out of an attempt to enforce a prohibitory liquor law, would certainly violate our American sense of justice. The least that can be said in favor of permitting the inquiry is that it was necessary in order that the defendant might intelligently exercise his right to peremptorily challenge. As was well said by the Supreme Court of Missouri in the case of State v. Mann, 83 Mo. 597:

"One may not be incompetent as a juror, and yet may stand in such relations to the prosecutor, or the cause, as, if known to the accused, would be deemed a good reason for peremptorily challenging him. He is entitled to an impartial jury, and may make such inquiries as will enable him to secure that constitutional right. Must he exercise his right of peremptory challenge, without the privilege of making inquiries, except such as relate to the competency of the panel? In capital cases, the accused is imprisoned and is brought from prison and there for the first time, possibly, meets the forty men summoned as jurors in his case, and if blindly to make his peremptory challenges, may strike from the panel the very men whom he would have wished to retain, had he known their antecedents. If such is the law, the right of peremptory challenge may prove a snare and, at best, is of no earthly value to the accused." See also Lavin v. People, 69 Ill. 304; Com. v. Egan, 4 Gray, 18.

The rule, or guiding principle, in this regard, has been correctly stated, in our opinion, by Mr. Thompson, in the following language, viz:

"Within reasonable limits, each party has a right to put pertinent questions to show, not only that there exists proper grounds for a challenge for cause, but to elicit facts to enable him to decide whether or not he will exercise his right of peremptory challenge." I Thompson Trials, sec. 101. See also Faber v. C. Reiss Coal Co., 124 Wis. 562; Am. Bridge Co. v. Pereira, 79 Ill. 97; Hale v. State, (Miss) 16 So. 387; State v. Garrington, (S. D.) 76 N. W. 327; State v. Steeves, (Ore.) 43 Pac. 950; Pinder v. State, (Fla.) 26 Am. State 77; People v. Car' Soy, 57 Cal. 103; Patrick v. State, 45 Tex. Crim. Rep. 588; Basye v. State, 45 Neb. 269; Monaghan v. Agricultural Fire Ins. Co., (Mich.) 18 N. W. 800; Dunsmuir v. Port Angeles, etc., (Mont.) 71 Pac. 8.

Our consideration of the ninth assignment of error results in the conclusion that the trial court was in error in refusing to permit the inquiry into the bias or prejudice of the juror upon the question of prohibition. We are of the opinion that the case must be reversed and remanded for new trial upon this ground. Such being the case, and for the purpose of disposing of such other questions as this record indicates may arise in the new trial, we will briefly consider the remaining assignments of error.

The tenth error assigned is based upon the admission in evidence of a copy of an ordinance (No. 213) of the City of Roswell. The offer was limited first to show that the original ordinance had been passed by the city council of Roswell (and not as proof that it was a constitutional ordinance and one authorized by law); second, to show on what the complaint made by the deceased was based.

The first objection, here urged, is that the record of said ordinance was not the best evidence thereof. The record discloses that the city clerk of Roswell testified that he was clerk of said city at the time of the passage of the ordinance, and that he engrossed the same upon the official record of city ordinances, which record was pro-

duced in court and identified by him; the authenticating signatures being also proven by him. This record is the one provided for by sec. 2413, C. L. 1897, which does not provide in express terms that the record shall be received in evidence without other proof. The action referred to, however, does provide as follows, to-wit:

"But the book of ordinances herein provided for shall be taken and considered in all courts of this territory as prima facie evidence that such ordinances have been published as provided by law." This indicates an intention that these records were to be received in evidence, when conforming in all respects to said sec. 2413. It would be safer practice, nevertheless, to prove an ordinance in accordance with the terms of sec. 2412, (C. L. 1897) and avoid the necessity of proving authenticating signatures of the officers named in said section 2413.

We do not consider it necessary to further discuss the remaining objections presented under this assignment.

The eleventh assignment of error is based upon the admission in evidence, over defendant's objection, of the original affidavit, made by the deceased, upon which the warrant was based. The first objection to its admission, i. e., that no predicate therefor had been laid by proof of the enactment of any ordinance is disposed of by our opinion upon the tenth assignment of error. The appellant also urges in connection with this alleged error, that the pretended ordinance, No. 213, on which said affidavit was based expressly provides that said complaint should be made only before the police judge of said city, whereas there was and could be no such officer; that said affidavit is in the nature of a complaint for search and seizure in the enforcement of said so-called liquor ordinance, for which there is no authority of law; that a part of the supposed offense therein alleged is the keeping of liquors on hand with intent to sell or give them away, etc., whereas the statute "authorizes the municipality to provide only against the selling, giving away, etc.," of such liquors; that said affidavit on its face purports to be a complaint on information and belief, in the nature of a libel for the seizure and destruction of certain intoxicating liquors

and is so entitled—but that there is no authority of law for such proceeding by the City of Roswell; that it was not proven that Precinct No. 1 was within or partly within the corporate limits of Roswell; that said complaint purports to be a complaint on information and belief, which is in violation of the fourth amendment of the Constitution of the United States.

The Attorney General argued that these contentions, respecting the legality, or validity of the affidavit or complaint, and warrant issued thereupon, were immaterial and irrelevant. He contended that if the complaint and warrant were illegal, and likewise the attempted search of the house, yet those facts did not justify the defendant killing the deceased.

We cannot fully agree with this conclusion of the honorable Attorney General. We are of the opinion that the legality of the arrest is a material question in determining the character of the homicide. The Supreme Court of the State of Illinois in the case of Rafferty v. People, 69 Ill. 111, 18 Am. Rep. 604, on this point held:

"That where persons have authority to arrest and are resisted and killed in the proper exercise of such authority, the homicide is murder in all who take part in such resistance." See case note 66 L. R. A. 354.

And, on the other hand, it is equally well settled, that "where the arrest is illegal, the offense is reduced to manslaughter, * * * unless the proof showed express malice toward the deceased." See also 2 Bishop New Crim. Law, sec. 699. Calvin v. State, 6 Gold. 283.

Mr. Bishop has given much assistance to us in our consideration of this question, and we consider his exposition of the law as laid down in said sec. 699, truly expressive of the principles controlling the subject.

We particularly approve his qualification of the rule, last laid down, that if in fact the outrage of an attempted illegal arrest has not excited the passions, a killing in cold blood will be murder.

The doctrine that nothing short of an endeavor to destroy life or inflict great bodily harm will justify the tak-

ing of life, prevails in those cases where an illegal arrest is .attempted. 1 Bishop New Crim. Law, sec. 868. The reason why a man may not oppose an attempt on his liberty by the same extreme measures permissible in an attempt on his life, appears to be because liberty can be secured by a resort to the laws. 1. Bishop New Crim. Law, sec. 868.

In our opinion Mr. Bishop has correctly stated the law as to the sufficiency of a warrant, when he says:

"It should appear on its face to have duly proceeded from an authorized source. It does not set out the crime with the fulness of an indictment, but it should contain a reasonable indication thereof." 1 Bishop Crim. Proceed., sec. 187.

In this connection we also desire to say that we agree with the authorities holding that a ministerial officer acting under process fair on its face, issued from a tribunal or person having judicial powers, with apparent jurisdiction to issue such process, is justified in obeying it against· all irregularities and illegalities except his own. Appling v. State, (Ark.) 28 L. R. A. (N. S.) 548; State v. Weed, (N. H.) 53 Am. Dec. 188.

Keady v. People, 32 Colo. 57, 74 Pac. 892, 66 L. R. A. 353. It cannot be questioned that it is a duty incumbent upon every citizen to submit to a lawful arrest and that resistance to an illegal arrest should be without excessive violence. It has been held that if a person kill a known officer to prevent him from making an illegal arrest he is guilty of manslaughter at least, and may be guilty of murder if the killing was prompted by personal malice against the officer. Rafferty v. People, 72 Ill. 37; Toberts v. State, 14 Mo. 138. The law does not, and cannot, sanction the taking of life to repel a threatened trespass or invasion of personal rights.

A distinction is made, by the authorities, between arrests by those who are known to be officers and by persons who are not. Yates v. People, 32 N. Y. 509. In the latter case homicide may be justified to prevent an illegal arrest but it cannot be in the former. The law seeks to protect the officer in the discharge of his duty, and calls upon .

the citizens to exercise patience, if illegally arrested, because he knows he will be brought before a magistrate, and will, if improperly arrested, suffer only a temporary deprivation of his liberty. Johnson v. State, 30 Ga. 426.

Under the twelfth assignment of error numerous objections are made to the warrant, which was offered in evidence in this case. A careful consideration of all would unduly lengthen this opinion. We have attempted to briefly state the general principle applicable, and must be content with that for the purposes of this opinion.

The thirteenth error assigned alleges error by the trial court in refusing a requested instruction as to manslaughter, it being urged that there were sufficient facts to require such instruction. It is needless to cite authority for the proposition that where there is any evidence tending to show such a state of facts as may bring the homicide within the grade of manslaughter, defendant is entitled to an instruction on the law of manslaughter and it is a fatal error to refuse it. The facts pertaining to this question may be presented with greater certainty and detail at the next trial of this case, and it seems unnecessary to discuss the facts disclosed in the present record in connection with the present opinion.

The remaining questions having to do with matters that may not arise in the new trial, and not necessary to this opinion, will not be passed upon at this time.

For reasons given the judgment and sentence of the District Court is set aside and this cause remanded for a new trial.

### SYLLABUS (BY THE COURT)

