472 P.2d 971

**MOLYBDENUM CORPORATION OF AMERICA, a Corporation, Plaintiff-Appellee,**

v.

**BRAZOS ENGINEERING COMPANY, a Corporation, Defendant-Appellant.**

No. 8936.

Supreme Court of New Mexico.

July 20, 1970.

White, Gilbert, Koch & Kelly, Santa Fe, for defendant-appellant.

Solomon, Stillinger & Lunt, Peter B. Shoenfeld, Santa Fe, for plaintiff-appellee.

OPINION ·

COMPTON, Chief Justice.

On May 11, 1965, the defendant leased to the plaintiff a diesel driven generator with an option to purchase. The generator was to be used in the preliminary operation of a drill and shovel preliminary to the installation of plaintiff's power plant at its Questa, New Mexico, site. Plaintiff paid $10,000.00 for the first month rental, the freight charges of $2,451.00 for delivery of the unit to Questa, and $499.00 to move the unit from Questa to the operation site.

The unit was installed and put in use on June 22, 1965. The unit failed to operate at full capacity and there were frequent shutdowns for repairs. Both parties spent a substantial amount of time and money trying to correct the deficiencies, but without success. On July 13, 1965, the unit completely malfunctioned and stopped. Shortly prior thereto, the plaintiff had leased two smaller units to power the shovel and drill. Subsequent to the malfunction, the plaintiff informed the defendant that it was refusing to accept the unit, and that it was retaining the unit as security for payment of the damages incurred due to such failure. Some three years later, this action was brought by the plaintiff seeking damages for breach of the lease agreement. The defendant answered, also counterclaimed for the total lease purchase price.

The trial court found for the plaintiff and awarded damages in amount of $14,-946.54. The court also found that the plaintiff was entitled to rescission of the contract and that the defendant was entitled to possession of its generating unit. Judgment was entered accordingly, and the defendant has appealed.

■ Appellant contends that the trial court erred in its findings. The rule is well established that findings of the trial court will not be disturbed on appeal when supported by substantial evidence and that the evidence must be viewed in a light most favorable to the successful party. Taylor v. McBee, 78 N.M. 503, 433 P.2d 88 (Ct.App.). It is undisputed that the diesel engine did not deliver the required power for which it was leased. The appellee's shovel and drill were forced to operate at less than normal output due to the frequent breakdowns of the unit. There is expert evidence that the unit never operated properly. Also, there is evidence that the defendant knew the purpose and circumstances for which the equipment was leased; that the defendant knew that the unit would be used at an elevation of 9,160 feet above sea level and that such altitude would reduce the unit's maximum output by 21%. And there is evidence that the defendant warranted that the diesel engine would be in good running condition. Although the evidence on much of the above is conflicting, we find in the foregoing recitation substantial evidence for the court's holding that appellant had breached the lease agreement.

■ Appellant further contends that the malfunction of the unit was due to the negligence of plaintiff. Here again, the evidence is conflicting, but there is substantial evidence to support the court's findings in this regard.

■ Appellant also contends that the plaintiff waived any defect in the unit by continued use after acquiring knowledge of such defect. This contention must be rejected. The unit was used intermittedly from June 26, 1965 to July 13, 1965, or about three weeks. Meanwhile both the plaintiff and the defendant were attempting in good faith to make the unit function properly. Mere delay in rescinding a contract does not amount to a waiver of the right to rescind. Compare J. I. Case Credit Corporation v. Stark, 64 Wash.2d 470, 392 P.2d 215. See Chaplin v. Bessire & Company, 361 S.W.2d 293 (Ky.1962).

■ The argument is made that had there been a breach of the lease agreement, appellant should have had a reasonable opportunity to make good on its warranty.

Under the circumstances, it did have a reasonable opportunity. Furthermore, it was within the discretion of the trier of fact to determine whether the lapse of time under the circumstances was reasonable or unreasonable to cure the defect in the unit or to make rescission by appellee. We find no abuse of discretion by the trial court in this respect. See Tiger Motor Company v. McMurtry, 284 Ala. 283, 224 So.2d 638 (1969). Also see Rose v. Chrysler Motors Corporation, 212 Cal.App.2d 755, 28 Cal. Rptr. 185.

The point is made that appellee tortiously converted the unit by retaining it as security for damages after appellee had rescinded the lease agreement. This position cannot be sustained. To constitute conversion, there must be proof of wrongful detention amounting to repudiation of the owner's rights, or the exercise of dominion over the property which is inconsistent with the owner's rights. Mine Supply, Incorporated v. Elayer Company, 75 N.M. 772, 411 P.2d 354; Taylor v. McBee, supra; Ross v. Lewis, 23 N.M. 524, 169 P. 468; Davis v. American National Bank of Denver, 149 Colo. 34, 367 P.2d 325. Appellee did not assert title to the unit nor deal with it in a manner inconsistent with the rights of the appellant. It came into the appellee's possession lawfully. Its retention was not absolute and was solely because it had a claim for damages against the appellant which the trial court sustained. The appellant did overestimate its recoverable damages but this did not amount to a repudiation of the owner's right to the unit, particularly where the appellant made no offer to compensate for the damages actually suffered. See Brooks v. Jensen, 75 Idaho 201, 270 P.2d 425, 436.

The judgment should be affirmed with direction to the trial court to enter judgment against the appellant and the surety on its supersedeas bond.

It is so ordered.

TACKETT and McKENNA, JJ., concur.