533 P.2d 113

**Edward W. STANGE, III, Plaintiff-Appellant,**

v.

**Paul L. ADENT and Z. Romero, Defendants-Appellees.**

**No. 1621.**

Court of Appeals of New Mexico.

March 5, 1975.

Quincy D. Adams, Adams & Foley, Albuquerque, for plaintiff-appellant.

Douglas C. Henson, Asst. City Atty., City of Albuquerque, Albuquerque, for defendants-appellees.

## OPINION

SUTIN, Judge.

Plaintiff sought recovery from defendants for the unlawful seizure and conversion of certain fireworks, the property of plaintiff, valued at $751.44, and tools and supplies valued at $23.61. The case was tried before the court and judgment was entered in favor of plaintiff for $23.61. Plaintiff appeals. We reverse.

The trial court found that defendants were acting in their official capacity as representatives of the Albuquerque Chief of the Fire Prevention Bureau rather than in their individual capacity; that on July 3, 1972, Romero observed the purchase of illegal fireworks at a fireworks stand, went to the stand and confronted two youths operating the stand, all in violation of Albuquerque ordinances. Romero observed fireworks that he knew were illegal mixed with other fireworks which were legal for sale; that Adent arrived at the fireworks stand and after his observation revoked the permit to sell fireworks and confiscated all of the fireworks as evidence and as a security measure; that when the fireworks and plaintiff's tools and supplies had been packed into boxes and loaded into an official car, plaintiff arrived at the scene and claimed ownership of the stand. He was then cited into Albuquerque Municipal Court. At the conclusion of plaintiff's trial in municipal court, the judge indicated his intention to destroy the seized fireworks for lack of proof of ownership.

The court further found that on September 20, 1972, the municipal judge signed an order in the presence of Romero to destroy the fireworks; that plaintiff sent Adent a demand by letter to return the legal fireworks; that Adent took the letter to the municipal judge who ordered Adent to destroy the fireworks and noted on the bottom of the letter, "gave permission to confiscate and destroy fireworks as illegal" in

the presence of Adent; that acting in reliance on the orders of the municipal judge, defendants destroyed the fireworks but inadvertently destroyed the plaintiff's tools and supplies on November 29, 1972; that plaintiff made no claim to ownership of the seized fireworks until after his trial in municipal court on or about September 20, 1972; that no motions or any other form of application were made by plaintiff to the municipal court for an order to return any of the seized fireworks.

The trial court concluded that all of the fireworks were lawfully seized; that defendants had reasonable cause to believe that the city ordinance was violated prior to seizure of the fireworks; that defendants cannot be liable for destroying all of the fireworks since they acted in good faith reliance upon the order of a municipal judge; that once plaintiff's property was seized by defendants, it was within reach of municipal process, and proceedings for its return to plaintiff would have been properly initiated by application to the court.

Reviewing the evidence most favorable to defendants, the record does not support the material findings and conclusions of the trial court.

The city ordinance authorizes the seizure of fireworks "offered or exposed for sale, stored or held in violation of this article". But defendants knew there was no provision in the Code which provided for destruction of any fireworks, legal or illegal. Adent had advised plaintiff's wife at another fireworks stand to take all illegal items back to the wholesaler and get her money back.

After the seizure, plaintiff was charged with violation of a city ordinance "providing against illegal fireworks" in cause No. 4853. At the hearing on September 20, 1972, Romero brought in a small box of fireworks which contained a part of the fireworks seized and he picked out a few illegal items to show to the court. Adent was not present. The municipal judge pointed to the box and said "Destroy those fireworks". On motion of the city, the municipal judge dismissed the charge against plaintiff because the permit for the firestand was not in the name of plaintiff, and because plaintiff denied that the fireworks in the box were ones seized and did not belong to him.

■ Immediately after the hearing, in the presence of Romero, the municipal judge signed an order form as follows:

Records Division

Albuquerque Police Department

ATTENTION: Evidence Room

RE: City vs. *Edward M. Stange III*

This is your authority to (*destroy*) . . . the *Fireworks* being held in the above *4853* case.

This order form did not authorize defendants to destroy the fireworks. It was directed to the police department. If it were interpreted to grant defendants authority to destroy, it referred to the illegal fireworks in the box presented by Romero.

On the same day, plaintiff sent Adent a letter to return the fireworks. Adent took the letter to the municipal judge for an opinion on what should be done. The judge told him that plaintiff had denied ownership of the fireworks (that were in the courtroom) and to destroy all of them, and the judge wrote on the bottom of the letter, "gave permission to confiscate and destroy fireworks as illegal." The permission granted did not include legal fireworks.

All of this occurred without the knowledge of the plaintiff. On November 29, 1972, all the fireworks were destroyed. Plaintiff never received any notice of the judge's order or notation that any of the fireworks would be or had been destroyed. His only knowledge was the judge's remark in the courtroom to destroy the fireworks in the box which plaintiff said were not his.

There was no evidence that, at trial, the judge indicated his intention to destroy the legal fireworks or that the judge signed an

order to destroy the legal fireworks, or gave permission to destroy the legal fireworks.

█ Plaintiff made claim to ownership of the seized fireworks after his trial in municipal court. No duty arose to file any motion thereafter for an order to return any of the seized fireworks. The reasons are: (1) that plaintiff believed the box of fireworks in the courtroom were not his, and (2) plaintiff, prior to destruction of all the fireworks, was not notified of any order for destruction or permission to destroy his fireworks. The fireworks were destroyed over five weeks after the court hearing.

█ The only remaining issue is whether defendants are liable because they acted in good faith reliance upon the orders of the municipal judge.

We have held that a search warrant issued by a court of competent jurisdiction and which was fair and valid on its face protected the officers from liability for its service and execution. Torres v. Glasgow, 80 N.M. 412, 456 P.2d 886 (Ct.App.1969).

However, we are now confronted with two firemen who exceeded the perimeter of their authority.

Territory v. Lynch, 18 N.M. 15, 34, 133 P. 405, 409 (1913) adopted the following rule:

. . . [W]e agree with the authorities holding that a ministerial officer, acting under process fair on its face, issued from a tribunal or person having judicial powers, with apparent jurisdiction to issue such process, is justified in obeying it against all irregularities and illegalities *except his own.* [Emphasis added]

Defendants were not justified, while obeying any alleged orders of the municipal judge, to perform any irregular or illegal acts. They were justified in destroying the illegal fireworks in the box used as evidence in the municipal court hearing, regardless of the ownership of the fireworks. They were not justified in destroying all of the seized property of the plaintiff, at least without notice to the plaintiff of their intention to do so in compliance with the court's alleged orders in order to provide plaintiff with an opportunity to protect his property rights. Plaintiff requested that legal fireworks be returned. Defendants failed to answer the request or return the legal fireworks. In silence, they destroyed plaintiff's property.

Defendants' contentions are only within the area of damage for illegal search and seizure. Apodaca v. Miller, 79 N.M. 160, 441 P.2d 200 (1968); Bivens v. Six Unknown Named Agents of Fed. Bur. of Narc., 456 F.2d 1339 (2nd Cir. 1972). The rules stated are far afield of plaintiff's claim of unlawful seizure of legal fireworks and the conversion thereof. The evidence is undisputed that defendants wrongfully obtained possession of the legal fireworks, wrongfully detained them after demand therefor by the owner, and destroyed them. Taylor v. McBee, 78 N.M. 503, 433 P.2d 88 (Ct.App.1967); Molybdenum Corp. of America v. Brazos Engineering Company, 81 N.M. 708, 472 P.2d 971 (1970).

Plaintiff is entitled to recover the reasonable value of the legal fireworks.

The judgment for defendants is reversed. The cause is remanded with instructions to award a new trial limited solely to the question of plaintiff's damages.

It is so ordered.

LOPEZ, J., concurs.

WOOD, C. J., specially concurring.

WOOD, Chief Judge (specially concurring).

No question is presented concerning the seizure and destruction of illegal fireworks. The issues involve legal fireworks. To dispose of this case it is unnecessary to decide any questions: (1) as to the seizure of legal fireworks, (2) as to the authority of the municipal judge to order the destruction of legal fireworks, (3) as to no-

tice requirements prior to their destruction, or (4) as to motions requesting their return.

I assume a valid seizure of the legal fireworks. It is undisputed that legal fireworks were destroyed by defendants. It is undisputed that these fireworks were owned by plaintiff. This evidence, prima facie, establishes a conversion because it establishes an exercise of dominion over the legal fireworks inconsistent with the owner's rights. Molybdenum Corp. of America v. Brazos Engineering Co., 81 N. M. 708, 472 P.2d 971 (1970).

The defense to this prima facie showing was that the defendants relied on orders of the municipal court valid on their face. This defense does not apply to defendant's own "irregularities and illegalities". Territory v. Lynch, 18 N.M. 15, 133 P. 405 (1913).

The record is uncontradicted that at the municipal court trial, Judge Robins was shown only illegal fireworks. Plaintiff's letter to Adent asserted there were legal fireworks, but Judge Robins' notation at the bottom of the letter describes all the fireworks as illegal. There is nothing in this record indicating defendants informed Judge Robins that they held legal fireworks. Their nondisclosure is an irregularity and this irregularity prevents them from relying on Judge Robins' order. Not being able to rely on the Judge's orders, they are liable for conversion.

On the basis of the foregoing, I concur in a reversal of the judgment and a new trial limited solely to the question of damages.