[No. 2533.   June 22, 1921.]

## ABO LAND CO. v. DUNLAVY et al.

### SYLLABUS BY THE COURT.

1.   Where a party takes a cost bond required to perfect an appeal to this court to the county clerk and hands the bond to him, and afterwards takes the bond back for the purpose of procuring a signature on such bond, and before it is marked "filed," there is no filing of the bond.    P. 203

2.   Under section 33, c. 43, Laws 1917, where a motion for certiorari for diminution of the record is not made within 30 days after appellant, or plaintiff in error, has filed his brief, the same will not be granted unless cause is shown excusing the failure of the appellant to apply for such certiorari within such 30 days.    P. 203

Appeal from District Court, Torrance County; Ed Mechem, Judge.

Action by the Abo Land Company against James P. Dunlavy and others. Judgment for defendants, and plaintiff appealed. The appeal was dismissed, and plaintiff moves to set aside the order and for a reinstatement of the cause. Denied.

Rodey & Rodey, of Albuquerque, for appellant.

H. S. Bowman, of Santa Fe, for appellees.

### OPINION OF THE COURT.

ROBERTS, C. J.   The transcript of record in this cause was filed in the office of the clerk of this court on August 23, 1920, and thereafter, on September 7, 1920, appellant filed its brief on the merits. Thereafter appellee filed a motion to dismiss the appeal because no cost bond was filed within 30 days, as required by section 15, c. 43, Laws 1917. This section provides that, where a cost bond is not filed within 30 days after the allowance of the appeal, the appeal shall fail, and this court held in the case of Hernandez v. Roberts, 24 N. M. 253, 173 Pac. 1034, that the failure to file the cost bond within the time required was an incurable defect, which could not be waived by the appellee.

Thereafter, on October 20, 1920, appellant filed a petition for a writ of certiorari for the correction of the record ·for the purpose of showing ·that a cost bond was·filed within the 30 days, but the same was not supported by any showing attempting to excuse appellant's·failure to apply for the writ of certiorari within 30 days after having filed its brief, as required by section 33, c, 43, Laws 1917. The court without a written opinion entered an order sustaining the motion to dismiss the appeal.

After the 20 days had expired ·within which to file a motion for rehearing, appellant filed a motion to set aside the· order of dismissal and to reinstate the cause and for a hearing on the ·merits. This motion was supported by affidavit in which appellant undertook to show that it had filed a good and sufficient cost bond within the 30 days required by the statute, and that its petition for writ of certiorari should have been granted. Oral argument was permitted upon the motion.

[1, 2]   After carefully considering the questions presented, we are satisfied that the order dismissing the appeal was correct for two reasons. The record as filed in this court shows a cost bond which was filed and approved some time after the 30 days had expired. Appellant by affidavits filed undertakes to show that there was another cost bond tendered and filed within the 30-day period which it desires to bring into the record by the writ of certiorari applied for, but the affidavits in support of the writ fail to show that the cost bond was filed. Marshal Orme, the son of the president of the appellant corporation, in his affidavit shows that such a cost bond was executed, not signed by his father as president, however, because at that time he was ill in a hospital; that he took the cost bond to Julian Salas, the county clerk of Torrance county, and placed it in his hands at his residence in Estancia during office hours, and the affidavit is silent as to what occurred

thereafter. The county clerk in his affidavit shows that an extension of time to file the cost bond had been granted by the district judge, which of course was ineffectual under the statute, and that Marshal Orme brought the cost bond to him at his residence; that he took it in his hands, and in a letter to the clerk of this court, which the county clerk says was correct, he says that Mr. W. R. Orme was ill in a hospital, "and he being the principal, both himself and Mr. Orme (Marshal) concluded that it would be better to have W. R. Orme to sign said bond," which clearly shows that the younger Orme took the bond away for the purpose of having his father sign it. Under these circumstances, of course, there was no filing of the bond. But aside from this question, the application for the writ of certiorari was properly denied, and the motion to dismiss sustained, because appellant in applying for the writ of certiorari failed to make showing to the court accounting for its delay in not applying for the writ within 30 days after it had filed its brief. The statute (section 33, supra) provides:

"All motions for such certiorari [for diminution of the record] shall be made within thirty days after appellant or plaintiff in error shall have filed his brief, otherwise the same shall not be granted unless upon such special cause shown to the court accounting satisfactorily for the delay."

Appellant did not undertake to in any manner account for the delay, and to have sustained the application for the writ under such circumstances would have been a clear violation of this section of the statute.

For the reasons stated, the application to set aside order of dismissal will be refused; and it is so ordered.

RAYNOLDS and PARKER, JJ., concur.