[No. 3326. April 23, 1928.]

JONES v. TOWN OF GALLUP et al.

[268 Pac. 569.]

Marron & Wood, of Albuquerque, and H. W. Yersin, of Gallup, for appellant.

Sam G. Bratton and Summers Burkhart, both of Albuquerque, for appellees.

OPINION OF THE COURT

PARKER, C. J. A motion to dismiss the appeal has been filed and submitted on briefs. The motion is based upon the proposition that only a partial record is brought here by appellant, and the question sought to be reviewed is not stated in the præcipe for the record, as is required by section 32, c. 43, Laws 1917 and our rule of June 8, 1927. That the record is partial sufficiently appears from the præcipe. After calling for certain specific papers, there appears a statement as follows:

"To Summers Burkhart and Sam G. Bratton;
.Attorneys for Defendant:

"Please take notice that upon the appeal to the Supreme Court from the judgment in the above entitled cause, the plaintiff deems that the papers specified in the above præcipe are all of the parts of the record necessary to present to the Supreme Court the questions sought to be reviewed upon the appeal, and, therefore, directed the clerk of the district court to return the papers therein specified, omitting any other papers appearing in the record as unnecessary thereto.

"Dated this 20th day of December, 1927.

"[Signed]   H. W. Yersin,
"Francis E. Wood,
"Attorneys for Plaintiff."

It thus appears that counsel for appellant at least thought that the record called for was partial, and so intended it to be. In such case the question to be decided must be stated in the præcipe, otherwise there is no question here for decision. Norment v. Mardorf, 26 N. M. 210, 190 P. 733; Southern Surety Co. v. Colburn, 32 N. M. 243, 255 P. 405.

It follows that the motion to dismiss the appeal should be granted and the appeal dismissed, and the cause remanded to the district court, and it is so ordered.

BICKLEY and WATSON, JJ., concur.