[Nos. 3580-3587, 3589. July 8, 1931.]

MARCUS v. ST. PAUL FIRE & MARINE INS. CO.,
and eight other cases.

[1 Pac. (2d) 567.]

Reid, Hervey & Iden, of Albuquerque, for appellants.

W. A. Keleher and Marron & Wood, all of Albuquerque, for appellee.

## OPINION OF THE COURT

WATSON, J.

These nine appeals are from the same number of judgments recovered severally against insurance companies for fire losses on a stock of merchandise. As there was but one fire, the causes were consolidated below for trial. Here they have been consolidated for hearing. No. 3589 is presented upon a full record. In the other cases the record is partial. We have heretofore denied a motion that the transcript in No. 3589 be deemed filed also in the other cases. As it transpires, the result in no case is changed by this ruling.

Points relied on for reversal arise upon certain of the affirmative defenses set up in the several answers and summarized in the court's instructions as follows:

"a. That the plaintiff filed claims against the defendants for the value of certain coats and dresses, claimed by him to have been destroyed, but which he had in fact, previous to the fire, removed from the store and sent to El Paso, and which he had brought back to his home and possession after the fire;

"b. That certain answers and statements concerning matters material to the inquiry, set out in full in the answers, made by the plaintiff while he was being examined on oath concerning the loss, were false.

"c. That the plaintiff failed and refused after demand to exhibit to defendants' agent all that remained of the plaintiff's stock of merchandise after the fire, in that he failed to exhibit the property which he had sent to El Paso and brought back to his home after the fire."

These defenses are founded upon the theory that appellee, in his proofs of loss, claimed for certain dresses and coats which were not destroyed or damaged, but which he had shipped to El Paso a night or two before the fire and reshipped to Albuquerque, and had stored at his residence when he made his proofs.

Appellant's first point is that the court erred in refusing to instruct:

"The jury are further instructed that, under the provisions in the foregoing instruction, an attempt by the insured to collect for property known not to have been destroyed will amount to fraud and forfeit the policy; and if you find from the evidence that plaintiff, Benjamin Marcus, has attempted to collect insurance for property that he knows was not destroyed or injured

by the fire, it is your duty to find your verdict in favor of defendants in all these cases."

Appellee's able counsel do not question that the legal proposition here embodied is sound. We may therefore safely assume that it is.

■ Appellee first contends that, as to the eight appeals in which the record is partial, we may not consider the point. He argues that there can be no review of an exception to the giving or refusal of instructions unless it affirmatively appears from the record that all evidence necessary to such review has been included, and that on a doubtful record it will be presumed that evidence omitted would have sustained the ruling.

But the practice has been changed and former decisions have lost force by the adoption of App. Proc. Rule XI, § 4. Appellants specified this question in their praecipes and stated the portions of the record deemed necessary for the review. By failing to call for additional portions of the record, appellee is in the position of having "consented to the record as made up by the appellant * * * on the praecipe first filed." In such a situation it is now a conclusive presumption that omitted portions of the record are unnecessary to the review. The responsibility thus put on an appellee is lightened by liberal provisions for diminution of the record, contained in the same rule and section. If, through inadvertence, he finds himself in the situation appellee here occupies, he may move the court's discretion for certiorari, but he may not defeat a review. This is the principle applied in Farmers' Cotton Finance Corporation v. Green, 34 N. M. 206, 279 P. 562.

Appellee next contends that the subject matter of the request was sufficiently covered by the instructions given. After summarizing the affirmative defenses in the instructions, as above stated, the court thus refered to the replies.

"The plaintiff has replied to these answers first denying that the goods which he admits were removed from his store shortly before the fire and sent to El Paso and thereafter brought back, were his stock or covered by the insurance; and denying that the goods so sent were ever included in his inventory, or that any claim has been made therefor, or for any damage or destruction thereto.

"He further denies that he made any intentional false statements in any of his answers, while being examined, or concealed from the companies or their adjuster the facts or goods concerned in the El Paso shipments."

Paragraphs V, VI, VI-A, and VII of the instructions are as follows:

"V. The jury are instructed that each policy sued upon in these several cases contains the following provisions:
" 'This entire policy shall be void if the insured has concealed or misrepresented any material fact or circumstance concerning his insurance or the subject thereof; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after the loss.'

"You are instructed that a misstatement in the proofs of loss, to forfeit the policy, must not only be false, but wilfully false. A mere innocent mistake will not constitute fraud or false swearing within the provisions of the policy.

"If, however, you find from the evidence that the insured, Benjamin Marcus, knowingly and wilfully concealed or misrepresented any material fact or circumstance concerning the insurance or the subject thereof, or knowingly and wilfully practiced fraud or false swearing touching any matter relating to this insurance or the subject thereof, either before or after the loss, it is your duty to return a verdict for defendants in all these cases in which you find such fraud and false swearing.

"VI. Not every false swearing or false statement on oath by the plaintiff will void the policies. To have such effect the false statement must be material; that is, the false statement must be one which might influence the defendant to act, or affect the fact or amount of the defendants' liability under their policy. A false statement to void any policy of insurance must also be knowingly and wilfully made.

"VI-A. To constitute a statement false for the purpose of voiding the policy you must take the entire statement as a whole and consider it all together and not separate answers which are qualified by other portions of the testimony or statement; and it must convey the false meaning when so taken as a whole.

"VII. If you find from the evidence that no material false statements, as heretofore defined, were made, *nor were any goods saved from the fire concealed,* as charged in the answers, then you should find for the plaintiff, under all the policies, except the two issued in December, 1928."

It is a familiar and well-established principle that a party litigant may demand submission of any theory of the case supported by substantial evidence. It does not satisfy this requirement that instructions be correct in the abstract, or that they be broad enough to include the proposition presented by the tendered instruction. It is the

party's right to have an application of the law to specific facts on which he relies, if there be evidence of such facts. State v. Smith, 32 N. M. 191, 252 P. 1003; Salazar v. Garde, 35 N. M. 353, 298 P. 661.

In the present case the request was not satisfied by a charge that plaintiff should or should not prevail according as the jury might determine that he was guilty or not guilty of fraud. The words italicized in paragraph 7 are relied on by appellee as covering the point raised by the tendered instruction. They may refer to the same act, but they do not necessarily. The jury may not have understood that by "concealing goods saved from the fire" the court meant "attempting to collect for property known not to have been destroyed." As the defenses were summarized to the jury, claiming for certain goods not destroyed was one thing, and failing to exhibit goods remaining was another. The instruction refused referred to the former. The instruction given referred more aptly to the latter. The gist of the defense was an attempted recovery for property not lost or damaged, a matter not directly mentioned in the instructions, except in summarizing the pleadings. Appellants were entitled to have the jury clearly and specifically informed of the effect of such conduct.

Appellee further contends that the instruction was properly refused because there was no evidence to warrant it. We are not here concerned with the weight or quantum of evidence. If there was substantial evidence of the theory presented by the instruction, it was within appellant's right to have it submitted. Such evidence is, in our judgment, to be found in appellee's answers given at an oral examination supplemental to his proof of loss, had under the provisions of the several policies. This evidence was introduced as an exhibit and appears as such in all of the transcripts. Therein appellee first denied knowledge that any goods belonging to him had been shipped to El Paso. Later he admitted the shipment, but denied that they were his goods. Subsequently he admitted that they were in part his goods, but denied that they were included in the inventory taken just before the fire, on which he based his proofs of loss. Previously he had stated that

the inventory included all his goods. Appellee's counsel were at liberty to urge that these inconsistent statements were explainable by misunderstanding, confusion, and lapses of memory. But they go too far when they contend that there was no evidence upon which to submit the theory that there was an attempt to collect upon merchandise known not to have been destroyed or damaged.

We conclude that the tendered instruction was erroneously refused.

■ Appellant's next point is that the court erred in giving paragraph VI-A of the instructions. Whether this was reversible error, we need not decide, in view of our conclusion on the first point. Since there must be another trial, it is perhaps well to say that at least some of the criticism directed at this paragraph, as applied to the present case, appears to us to have merit. It is not uncalculated to mislead the jury into excusing a willful false swearing, if they should believe that appellee did finally tell the truth under pressure and when trapped.

■ Finally, appellants object to the taxation of costs. Nine witnesses testified. Their per diem and mileage amounted to $72.20. This amount was taxed in each case. Appellants objected that it should be taxed in but one of the cases, or should be apportioned. We cannot doubt that this was an abuse of discretion. We presume that the trial court was led into the error by the contention of appellee that there was no discretion to do otherwise.

Appellee relies on 1929 Comp. § 155-104, specifying the mileage and per diem of witnesses "in all cases." He argues that this statute obligated him to pay the statutory fees in each case. We do not so construe the statute; not supposing it to have been directed at such a situation as this. The trial court is vested with certain discretion in the taxation of witnesses fees as costs. See 1929 Comp. §§ 105-1305, 155-106, providing that no more than four witnesses shall be allowed for unless the court shall deem a greater number to have been necessary. The consolidation of causes is doubtless discretionary. 1929 Comp. § 105-828, 1 C. J. 1123. One object of it is to save expense.

1 C. J. 1121.   When causes are consolidated for trial there can be no necessity ordinarily to subpoena any witness more than once, or to pay him more than one fee. If a party unnecessarily accumulates such expense, or seeks recovery of fees he has not paid or is not obligated to pay, we do not doubt the power and duty of the court to strike such fees from the cost bill.

For the error in refusing to give the requested instruction the judgment must be reversed.   The cause will be remanded with direction to grant a new trial.   It is so ordered.

BICKLEY, C. J., and SADLER, J., concur.

PARKER and HUDSPETH, JJ., did not participate.