203 P.2d 368

## MEYER v. WILLIAMS et al.
### No. 5140.

Supreme Court of New Mexico.

Dec. 21, 1948.

Rehearing Denied March 14, 1949.

W. A. Keleher and A. H. McLeod, both of Albuquerque, for appellant.

Simms, Modrall, Seymour & Simms and John B. McManus, Jr., all of Albuquerque, for appellees.

McGHEE, Justice.

The worm has finally turned. The books are full of cases where an employee has sued his employer for injuries received on unsafe premises, but in this case the employer has sued his employees for leaving the grille off a furnace hole unattended while one employee went outside to consult a fellow employee about the work, thus creating, as he claims, a trap in his own home into which he stepped and which caused him to sustain serious bodily injuries. From a verdict for the defendants the employer has prosecuted this appeal. We will refer to the parties as they appeared in the trial court.

The plaintiff was moving from his home in Albuquerque to another place in the same

city and called the defendants, who are plumbers, to disconnect his gas stove and refrigerator. After the call was made the plaintiff went to his office for a time and then returned to his home. Upon his arrival he did not see the employees of the defendant about the premises. He first went into the bath room where he stayed approximately fifteen minutes and when he came out he went to a clothes closet, got an arm full of clothes and started to his automobile, intending to take the clothing to his new place of residence. The two employees of the defendants had evidently arrived shortly before he went to the bath room or while he was in it. Upon their arrival they disconnected the stove and refrigerator and as an incident to such work had to turn out the pilot lights in the two floor furnaces in the house, one of which was in a hall and the other beneath an archway between two of the rooms, and also had to cap a pipe under the house. The employee of the defendants who had turned out the pilot light in the furnace under the archway found it necessary to speak with his fellow employee, who was outside of the house, and, instead of replacing the two-pound grille over the furnace hole while he was away, left it off. The plaintiff came along with his arms full of clothes, stepped into the hole and was injured as above stated.

The defendants denied that they were negligent but pleaded that even though they were in fact negligent that the plaintiff was guilty of contributory negligence for failure to keep a proper look out, etc.

The principal ground upon which the plaintiff seeks a reversal is the refusal of the trial court to give his requested instruction No. 1, which reads as follows:

"The Court instructs the Jury that in order for the plaintiff to exercise reasonable care for his own safety, it was not necessary that he exercise the most extreme caution; but rather, he should be considered as having exercised reasonable care if he proceeded with ordinary prudence and circumspection, *and he was entitled to assume that the premises on which the defendants were working, had been left in a reasonably safe condition for those who might be on the premises.*" (Emphasis by the writer of this opinion.)

On the oral argument and in his brief the plaintiff strenuously urges that he was entitled to an instruction stating that he could assume that the defendants would not leave the furnace hole uncovered and unattended and thereby create a trap for himself and others on the premises to aid the jury in determining whether he was guilty of contributory negligence so as to bar a recovery. He admits that the instruction was poorly drawn and really contains two instructions in one, but claims that it sufficiently raises the question. The defendants strongly urge that as the in-

struction is a mere abstract statement of law, we should disregard it, citing, among other cases, Marcus v. St. Paul Fire & Marine Ins. Co., 35 N.M. 471, 1 P.2d 567. It must be admitted that the tendered instruction is subject to this criticism, but aside from a statement of the issues raised by the pleadings, so are all of the instructions given by the court, so we will not be too critical of the requested instruction in this regard.

We have this situation: The plaintiff was in his own home and had not seen or heard the employees of the defendants about the premises; when he entered his home and went into the bath room he did not observe that the grille was off the floor furnace, if indeed it was so at that time, and taking the testimony of the witness for the defendants who removed the grille at face value, it was only off for from two to five minutes. By what reasoning could it be said, if in fact the plaintiff knew of the presence of the workmen, that the plaintiff should have anticipated that an employee of the defendant would leave this light grille off the furnace while he went outside to talk with his coworker, thus creating a trap for him in his own home? The books are full of cases saying that the employer is guilty of negligence if he creates a hazard or fails to furnish the employee a safe place to work, and that absent anything to put him on inquiry, such employee may assume that the prem-ises are safe, and this seems to be a good place to invoke the old saying about sauce for geese, etc.

■ It is true that the plaintiff was on his own premises, but he had the right to presume that the defendants would do their work in a workmanlike manner, and that in moving through his house he should be allowed the same presumption as an invitee who enters a place of business. In Judson v. American Railway Express Co., 242 Mass. 269, 136 N.E. 103, it was said:

"An invitee in an express office could properly assume that the floor was safe to walk on, and was not bound to keep her eyes on the floor, and the fact that she did not observe its slippery condition before she fell was not conclusive that she was careless."

In this case we are of the opinion that the plaintiff had the right to assume that even though the plumbers had been or were on the premises that they would not leave the furnace hole unprotected while they were outside, and thus create a trap for the unwary.

■ We do not intend to take the issue of contributory negligence out of the case, but we do say that the court in instructing on that issue should have told the jury that the plaintiff had the right to assume that if the defendants had been working on the furnace and left it that they had replaced the grille. While the instruction

tendered can be better drawn, we hold that the part italicized sufficiently raised the point to require such an instruction.

The plaintiff has assigned the giving of other instructions as error, but as his objections to them amount to no more than a general exception, we will not review them.

The judgment will be reversed and the case remanded for a new trial, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and COMPTON, JJ., concur.