411 P.2d 354

MINE SUPPLY, INCORPORATED, a New Mexico Corporation, Plaintiff-Appellee,

v.

ELAYER COMPANY, Inc. (NSL), a New Mexico Corporation, Defendant-Appellant.

No. 7784.

Supreme Court of New Mexico.

Feb. 21, 1966.

Robertson & Reynolds, Silver City, for appellant.

J. Wayne Woodbury, Silver City, for appellee.

NOBLE, Justice,

Elayer Company, Inc. (defendant-appellant) has appealed from a judgment against it for a balance due on a promissory note and foreclosing a chattel mortgage securing the note.

The praecipe only called for the record proper; accordingly, appellant is limited to the single point relied upon for reversal as stated in the praecipe, Supreme Court Rule 12(1) (§ 21–2–1(12) (1), N.M. S.A. 1953), i. e., that the trial court should have found Mine Supply, Inc. guilty of conversion of the mortgaged property.

Appellant asserts that after default the mortgagee took possession of the mortgaged property with the written consent of the mortgagor, for the purpose of selling the property and applying the proceeds to reduction of the mortgage indebtedness. The acts constituting conversion are asserted to be the failure of Mine Supply to credit the note with money which was found to be due from it to Elayer Company, on account of other transactions. This court, however, said in Ross v. Lewis, 23 N.M. 524, 169 P. 468, that to constitute conversion of property:

"* * * there must be proof of the wrongful possession, or of the exercise of a dominion over it in exclusion or defiance of the owner's right, or of an unauthorized and injurious use,

or of a wrongful detention after demand. * * *"

See, also, Wray v. Pennington, 62 N.M. 203, 307 P.2d 536.

The record before us discloses that the defendant not only failed to request the court to find any of the elements said in Ross to be necessary to constitute conversion, and the trial court made none, but there was neither a request nor a finding that the appellee ever had possession of the mortgaged property. The facts found by the trial court are those upon which the case rests in the Supreme Court on appeal. Hugh K. Gale, Post No. 2182 V. of F. W. v. Norris, 53 N.M. 58, 201 P.2d 777; In re White's Estate, 41 N.M. 631, 73 P.2d 316; Gore v. Cone, 60 N.M. 29, 287 P.2d 229; Maryland Casualty Company v. Jolly, 67 N.M. 101, 352 P.2d 1013; Hopkins v. Martinez, 73 N.M. 275, 387 P.2d 852.

Findings of fact made by the trial court that Mine Supply owed Elayer Company certain moneys by reason of other transactions are clearly not findings which required the trial court, as a matter of law, to conclude that Mine Supply had exercised dominion over the mortgaged property in exclusion of or defiance of the rights of Elayer Company or that it used the property injuriously or wrongfully detained it after demand for its return. We find appellant's contention of a wrongful conversion of mortgaged property by appellee to be without merit.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

CHAVEZ and COMPTON, JJ., concur.