434 P.2d 700

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Dumas W. SLADE, Defendant-Appellant.**

**No. 50.**

Court of Appeals of New Mexico.

Nov. 17, 1967.

Jack A. Smith and Edwin E. Piper, Jr., Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

SPIESS, Judge.

The determinative question on this appeal is whether there was substantial evidence of an unauthorized entry of a dwelling. The defendant appellant was charged and convicted of burglary. As defined in § 40A–16–3, N.M.S.A., 1953, "Burglary consists of the unauthorized entry of any * * * dwelling or other structure, mov-able or immovable, with the intent to commit any felony or theft therein".

Defendant asserts error in the denial by the trial court of his motion for a directed verdict of acquittal upon the ground that there was no substantial evidence of an unauthorized entry of the dwelling.

The evidence shows that during the afternoon of November 1, 1966, the defendant was observed by a neighbor of Lloyd Pryor walking east along the sidewalk in front of the Pryor residence in Albuquerque, New Mexico. After pausing to look around he went to the front door of the residence. He then returned to the sidewalk and walked toward the rear of the residence, where he was no longer visible to the observer. The defendant then returned to the front of the house and after looking down the street again walked toward the rear of the house and shortly thereafter was seen coming out of the front door. Defendant then re-entered the house through the front door and in a few minutes emerged again and walked in an easterly direction along the sidewalk out of observer's view.

When the defendant first came out of the residence the neighbor called the police and notified them that someone was in the house. Two police officers arrived separately and found people, including adults and children, gathered in the vicinity of the Pryor residence. There was yelling and shouting and some of the people were running. One of the officers chased the defendant, who was also running and he was then arrested by both officers.

The officers do not agree as to which of them actually ran after the defendant. Following defendant's arrest he was searched, then taken to the police station and again searched, at which time a bar was taken from his person.

Lloyd Pryor in his testimony told of arriving at his residence between 2:30 and 3:00 o'clock in the afternoon of the day of the alleged burglary; that he and a police

officer entered the house through the front door which was unlocked and walked through the house to the patio door. The patio door was open several inches and the latch or hasp had been broken. Nothing had been taken from the house and only a throw rug which was "turned up" appeared to be disturbed. Pryor further said that he and his wife resided at the residence.

The essential elements of the crime charged are:

(1) an unauthorized entry of a dwelling or other structure.

(2) with intent to commit any felony or theft therein.

The crime was likewise so defined by the court in its charge to the jury.

█ It is axiomatic that the burden rests upon the state to prove each and every essential element of the offense charged beyond a reasonable doubt. It is not necessary, however, that the charge be established only by direct evidence. Circumstantial evidence is sufficient if the circumstances point unerringly to the defendant and are incompatible with and exclude every reasonable hypothesis other than that of his guilt. State v. Flores, 76 N.M. 134, 412 P.2d 560 (1966); State v. Roybal, 76 N.M. 337, 414 P.2d 850 (1966).

█ We are likewise mindful of the rule that a reviewing court in determining whether there is substantial evidence should view the evidence and inferences in a light most favorable to the prosecution. State v. Roybal, supra; State v. Seal, 75 N.M. 608, 409 P.2d 128 (1965); State v. Romero, 67 N.M. 82, 352 P.2d 781 (1960). So viewing the evidence we conclude that it does not meet the test of substantiality.

It is established that defendant did enter the Pryor residence and was likewise seen coming out the front door and proceeding down the street. He was thereafter chased by the police, arrested and taken to the station where he was searched and a bar was found upon his person. Lloyd Pryor, when testifying, was not asked, nor did he say whether he was acquainted with the defendant, nor did he testify that defendant did not have permission to enter the dwelling.

No evidence was offered as to whether the dwelling was closed or locked prior to defendant's entry. Pryor did testify that the latch or lock on the patio door was broken, but no evidence was offered to indicate when the latch was broken.

The bar found in defendant's possession following his arrest was not connected with the entry. No showing was made that entry was gained by use of any kind or type of bar or instrument, nor is there any showing that the use of any such instrument was required to gain entry.

The evidence does show that one of the officers chased defendant a short time after he was seen leaving the dwelling. It is not shown that defendant ran from the police officer or attempted to avoid capture. The evidence respecting the chase shows only that defendant, along with others in the neighborhood, was running and defendant was being chased by a police officer.

█ In our opinion the facts and circumstances here do not unerringly point to defendant's guilt and do not establish inferentially or otherwise that defendant's entry was unauthorized. Consequently the judgment and sentence must be reversed.

Other issues are presented, but in view of our determination that the evidence is insufficient to sustain the conviction, they need not be decided.

The cause will be remanded with instructions to set aside and vacate the judgment and sentence and discharge the defendant.

It is so ordered.

HENSLEY, Jr., C. J., and OMAN, J., concur.