469 P.2d 516

Leanne M. BACA, Administratrix of the Estate of Willie Frank Hasty, Jr., Deceased and Willie Frank Hasty, Sr., Plaintiffs-Appellants,

v.

Guadalupe H. CEBALLOS, Defendant-Appellee.

No. 439.

Court of Appeals of New Mexico.

March 20, 1970.

Rehearing Denied April 15, 1970.

Certiorari Denied May 19, 1970.

J. E. Gallegos, Jones, Gallegos, Snead & Wertheim, Santa Fe, for plaintiffs-appellants.

Leslie D. Ringer, Santa Fe, for defendant-appellee.

## OPINION

WOOD, Judge.

By order of our Supreme Court, compiled as § 21–2–2, N.M.S.A.1953 (Supp. 1969), the rules of practice and procedure in the Supreme Court are made applicable to the Court of Appeals, where pertinent. The rules pertinent here, and with which this opinion is primarily concerned, are paragraphs (1), (2) and (4) of Supreme Court Rule 12 [§ 21–2–1(12), N.M.S.A. 1953 (Supp.1969)] and paragraph (4) of Supreme Court Rule 16 (§ 21–2–1(16), N.M.S.A.1953). The issue is whether the appeal should be dismissed. An issue raised subsequent to the preparation of this opinion is whether plaintiffs can now have included in the transcript the missing testimony with which this opinion is concerned.

The jury returned a verdict for defendant in this wrongful death case. The transcript has been docketed and plaintiffs' brief in chief has been filed. Defendant has moved to dismiss the appeal for violation of Supreme Court Rule 12(1). That rule provides in part:

"If the appellant * * * does not specify or designate for inclusion in the transcript the complete record and all the proceedings and evidence in the cause, he shall include in his praecipe a concise statement of the points on which he intends to rely, * * *
" * * *

"The review shall be limited to the points as stated, and such statement of points may be amended only in furtherance of justice and on terms and on special leave * * *."

Plaintiffs did not call for a complete record of the evidence; specifically excluded was the testimony of two witnesses. Plaintiffs' amended praecipe did not include a statement of the points on which they intend to reply. Because Supreme Court Rule 12(1) provides the review is to be limited to the "points as stated," and because no points were stated in the praecipe, defendant asserts there is nothing for us to review and the appeal should be dismissed.

The following cases support defendant's contention: City of Hobbs v. Chesport, Ltd., 76 N.M. 609, 417 P.2d 210 (1966); Mine Supply, Incorporated v. Elayer Company, 75 N.M. 772, 411 P.2d 354 (1966); Robinson v. Black, 73 N.M. 116, 385 P.2d 971 (1963); Jones v. Town of Gallup, 33

N.M. 385, 268 P. 569 (1928). None of these cases considered the relationship of Supreme Court Rule 12(1) to Supreme Court Rule 16(4). See dissent of Justice Moise in City of Hobbs v. Chesport, Ltd., supra. Here, plaintiffs rely on Supreme Court Rule 16(4), which reads in part:

"No motion to dismiss an appeal * * * or otherwise dispose of any cause except upon its merits, where such motion is based upon other than jurisdictional grounds, will be granted except upon a showing, * * * of prejudice to the moving party, or that the ends of justice require the granting thereof. * * *"

■ The failure to state one's points in the praecipe is not considered " * * * jurisdictional where an attempt has been made to present points relied upon for reversal. * * *" State v. Apodaca, 42 N.M. 544, 82 P.2d 641 (1938); see Chronister v. State Farm Mutual Automobile Ins. Co., 67 N.M. 170, 353 P.2d 1059 (1960). Here plaintiffs set forth their points relied on in the brief in chief. Their rule violation does not provide a jurisdictional basis for dismissal.

■ Absent a jurisdictional basis, Supreme Court Rule 16(4) requires a showing of prejudice. This requirement has been applied to a failure to state one's points in the praecipe. State v. Gonzales, 43 N.M. 498, 95 P.2d 673 (1939) states:

. " * * * The one point relied upon for reversal has been clearly enough stated and argued in appellant's brief, and moreover, there is no showing of prejudice * * * because of the failure of appellant to properly assign error and include it in the record." (Citation omitted)

Compare Chronister v. State Farm Mutual Automobile Ins. Co., supra.

Although plaintiffs violated Supreme Court Rule 12(1) by calling for less than the complete record and failing to include points relied on in the praecipe, they have set forth the points relied on in the brief in chief. Accordingly, we will not dismiss the appeal for the violation of Supreme Court Rule 12(1) unless there is a showing of prejudice to defendant.

Is there a showing of prejudice? The brief in chief states four points relied on for reversal. Two of the points attack instructions given to the jury. Two of the points assert error in the trial court's refusal to give requested instructions. " * * * Neither instructions given by the court, nor instructions requested by the parties, can ordinarily be reviewed by an appellate court in the absence of the evidence, for the reason that proper instructions are necessarily founded on the evidence." (Citations omitted). Scott v. Brown, 76 N.M. 501, 416 P.2d 516 (1966). The argument in the brief in chief makes it clear that the evidence must be reviewed in order to decide each of the four points.

Here, the praecipe specifically excluded the testimony of two witnesses. Supreme Court Rule 12(2) provides that where less than the complete record and proceedings are called for in the praecipe, the appellee may serve a counter praecipe calling for other portions of the record and proceedings. But what is the purpose of the counter praecipe? It is to enable the appellee to have included in the transcript such additional portions of the records and proceedings as appellee " * * * may deem necessary for the review of the points stated by appellant * * *."

Supreme Court Rule 12(4) provides the failure of an appellee to file a counter praecipe within a specified time " * * * shall be taken as consent that the transcript be made up as directed in the praecipe * * *."

Defendant is not in a position to call for additional material "necessary for the review" if he does not know the points to be reviewed. Until informed of the points upon which plaintiffs rely, defendant cannot determine what should be included in a counter praecipe or whether a counter praecipe should be filed. In these circum-

stances, defendant cannot be deemed to have consented that a transcript made up pursuant to the praecipe is sufficient for a review of points unknown to defendant.

Because plaintiffs' points were not stated in the praecipe, defendant did not know what he had to defend in the appeal and was deprived of the opportunity, afforded by Supreme Court Rule 12(2), to include additional material deemed "necessary for review." This failure to inform defendant of the points to be reviewed, resulting in defendant not being able to determine whether additional evidence should be included by a counter praecipe, is a showing of prejudice.

Even without knowing the points to be relied on, defendant could have filed a counter praecipe calling for those portions of the record and proceedings omitted from the praecipe. If he had done so, the showing of prejudice would have been rebutted because all of the evidence would be before us for review. See Chronister v. State Farm Mutual Automobile Ins. Co., supra. Defendant, however, is not at fault for failing to file a counter praecipe since, during the time he could have done so, he had no idea at what points the counter praecipe should be directed.

Although the showing of prejudice is established, plaintiffs claim that in fact there is no prejudice in this case. They contend the excluded testimony "related solely to damages;" that " * * * all evidence relating [to the points stated in the brief in chief] is before this court. * * * " Obviously, we cannot make such a determination from the transcript because this evidence has been excluded. Our decisions are limited to what is included within the transcript and are based " * * * on the facts therein contained alone * * *." Section 21–2–1(17) (1), N.M.S.A.1953. See Federal National Mortgage Ass'n v. Rose Realty, Inc., 79 N.M. 281, 442 P.2d 593 (1968). Even if the evidence included within the transcript should sustain plaintiffs' points, there is the additional fact,

in the transcript, that part of the evidence is missing. Further, there is no stipulation from defendant that the evidence before us is sufficient for purposes of review. See § 21–2–1(13) (8), N.M.S.A.1953.

We have not overlooked the requirement that defects not affecting substantial rights are to be disregarded, § 21–2–1(17) (10), N.M.S.A.1953, and our duty to distinguish form from substance, § 21–2–1(17) (14), N.M.S.A.1953. Here, however, the defect in the record is of substance—the testimony of two witnesses. Without considering whether at this stage plaintiffs could amend their praecipe to call for the missing testimony and have it included by diminution of the record, plaintiffs have not sought to do so. Their position is that prejudice has not been shown. We hold there is a showing of prejudice which is not rebutted and that defendant's motion should be granted.

We add that even if defendant's motion is denied at this point, and the case is ultimately submitted on briefs of counsel and oral argument, the result would eventually be the same. We could not decide whether there was error in connection with the instructions, given or refused, without: (1) either all of the evidence or (2) a showing, either by stipulation [Supreme Court Rule 13(8), supra], or a deemed consent under the rules [Marcus v. St. Paul Fire & Marine Ins. Co., 35 N.M. 471, 1 P.2d 567 (1931)], that the omitted evidence was not necessary for a review of the evidence questions. See Scott v. Brown, supra.

■ After the foregoing opinion was prepared, and concurred in, plaintiffs moved for a writ of certiorari for diminution of the record. The motion was filed almost seven weeks after the filing of the supplemental transcript and the brief in chief, twenty-six days after defendant's motion to dismiss, nineteen days after plaintiffs' response to the motion to dismiss and twelve days after the oral argument on the motion to dismiss and submission of that motion for decision. Thus, the motion

concerning diminution appears to be an afterthought. However, we do not rule on its timeliness.

The writ for diminution may be awarded upon a " * * * showing of good cause, and verified by affidavits, * * *" Section 21-2-1(14) (12), N.M.S.A.1953. The supporting affidavit shows that what is sought to be included, by diminution, is the testimony of the two witnesses omitted from the transcript on file. The purpose, according to the motion, is so we can " * * * determine whether or not the appellee was prejudiced by their omission. * * *"

Thus, plaintiffs seek to rebut defendant's showing of prejudice by including the missing testimony in the transcript. The only "good cause" offered goes to the merits of the motion to dismiss.

The "good cause" contemplated by Supreme Court Rule 14(12), supra, means more than a showing as to the merits of the case. It requires a showing as to why procedural omissions should be excused. There is no such showing here. Neither the motion, nor the affidavit, contains an explanation for plaintiffs' violation of Supreme Court Rule 12(1); neither attempts to excuse the delay in seeking to include the missing testimony until after the motion to dismiss was submitted on the merits. Compare Abo Land Co. v. Dunlavy, 27 N.M. 202, 199 P. 479 (1921); Norment v. Mardorf, 26 N.M. 210, 190 P. 733 (1920).

Since good cause has not been shown either for the violation of Supreme Court Rule 12(1) or for the delay in seeking the relief now sought, we see no reason to exercise our discretion and grant the motion. Plaintiffs had the duty of seeing that the transcript is properly prepared. Not only was this not done, plaintiffs made no effort to correct their error until after the motion to dismiss was submitted on the merits.

The motion for a writ of certiorari for diminution of the record is denied. The result is defendant's showing of prejudice remains unrebutted.

The appeal is dismissed.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.