506 P.2d 1212

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Thomas J. LaCOUR, Defendant-Appellant.**

**No. 951.**

Court of Appeals of New Mexico.

Feb. 9, 1973.

---◆---

John E. Brooks, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Prentis Reid Griffith, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HERNANDEZ, Judge.

Defendant was convicted of robbery while armed with a deadly weapon (§ 40A–16–2, N.M.S.A.1953 (2d Repl.Vol. 6)). He raises two points for reversal: (1) The trial court erred in not giving defendant a hearing on the issue of the voluntariness of his confession; (2) the trial court abused its discretion in failing to grant defendant's motion for continuance, discovery and inspection, and a bill of particulars.

The first point is dispositive of this appeal and consequently only the facts relative to it will be set forth.

Approximately forty-seven days before trial defendant filed a series of motions including a motion to suppress all statements made by the defendant relating to the offenses charged in the indictment. There is nothing in the record to indicate whether the defendant's motion to suppress was ever acted upon.

On the day of trial defendant renewed his motion to suppress. The District Attorney's response to the motion was:

"Just for the record, I think we better have a hearing on the motion to suppress the confession."

The motion was denied. During the trial a written confession made by the defendant was offered into evidence. The defendant responded as follows:

"Let the record reflect that this statement was the object of the motion to suppress which was . . . which said motion was denied by the court without a preliminary evidentiary hearing."

The statement was received into evidence.

The trial court erred in not holding a hearing out of the presence of the jury in order to determine the voluntariness of the confession. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3rd 1205 (1964). As stated in State v. Word, 80 N.M. 377, 456 P.2d 210 (Ct.App. 1969), "Defendant has the constitutional right at some stage in the proceeding to object to the use of the confession and to have a fair hearing and a reliable determination on the issue of voluntariness; a determination uninfluenced by the truth or falsity of the confession".

The judgment is reversed and the cause remanded with directions to grant defendant a new trial in a manner not inconsistent herewith.

It is so ordered.

LOPEZ, J., concurs.

SUTIN, J., specially concurring.

SUTIN, Judge (specially concurring).

I concur in the result, but for different reasons.

## A. GRANTING DEFENDANT A NEW TRIAL TOO BROAD

In my opinion, reversal with remand to grant defendant a new trial is too broad when based solely on denial of a hearing on motion to suppress a confession.

Jackson v. Denno, 378 U.S. 368, 84 S. Ct. 1774, 12 L.Ed.2d 908 (1964), 1 A.L. R.3d 1205, and Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1966), limit the remand.

Jackson v. Denno, supra, remanded "to allow the State a reasonable time to afford Jackson a hearing or a new trial, failing which Jackson is entitled to his release."

The court said [378 U.S. p. 394, 84 S.Ct. p. 1790]:

> It does not follow, however, that Jackson is automatically entitled to a complete new trial including a retrial of the issue of guilt or innocence. * * * But if at the conclusion of such an evidentiary hearing in the state court on the coercion issue, it is determined that Jackson's confession was voluntarily given, admissible in evidence, and properly to be considered by the jury, we see no constitutional necessity at that point for proceeding with a new trial, for Jackson has already been tried by a jury with the confession placed before it and has been found guilty. * * * Of course, if the state court, at an evidentiary hearing, redetermines the facts and decides that Jackson's confession was involuntary, there must be a new trial on guilt or innocence without the confession's being admitted in evidence.

In Sims v. Georgia, supra, the court "remanded for a hearing as provided by *Jackson v. Denno. . . .*" Thereafter, the state trial judge determined that Sims' confession was voluntary and denied a new trial. The Georgia Supreme Court affirmed. The Supreme Court of the United States again reversed because the confession was involuntary, but it also found that "the juries by which petitioner was indicted and tried were selected in a manner that does not comport with constitutional requirements." It remanded for further proceedings not inconsistent with the opinion. Sims v. Georgia, 389 U.S. 404, 88 S. Ct. 523, 19 L.Ed.2d 634 (1967). See, dissenting opinion, State v. Gruender, 83 N. M. 327, 491 P.2d 1082 (Ct.App.1971).

New Mexico has adopted the "Massachusetts Rule." State v. Burk, 82 N.M. 466, 483 P.2d 940 (Ct.App.1971), cert. den. 404 U.S. 955, 92 S.Ct. 309, 30 L.Ed.2d 271 (1971). Under this rule, the trial judge must first fully and independently resolve the issue of voluntariness against the defendant before this issue can be submitted to the jury. If the trial judge determines the confession to be involuntary, it is not admissible in evidence. If the trial judge determines the confession to be voluntary, the confession is admissible under proper instructions to the jury.

In the present case, the conviction was based solely on defendant's confession. If, upon a hearing the trial judge determines the confession to be involuntary, it would not have been admissible in evidence, and defendant should be discharged. If the trial court determines the confession to be voluntary, it is admissible in evidence in the original trial, and the conviction should be affirmed because no objections were made to the instructions given to the jury. State v. Milow, 199 Kan. 576, 433 P.2d 538 (1967); Whitman v. People, 170 Colo. 189, 460 P.2d 767 (1969); State v. Brewton, 238 Or. 590, 395 P.2d 874 (1964).

No new trial should be granted unless additional error appears in the record which requires a reversal. Without additional error, this case should be reversed, the conviction and sentence vacated, and a hearing held on the voluntariness of the confession. See, State v. Torres, 81 N.M. 521, 469 P.2d 166 (Ct.App.1970); State v. Anaya, 76 N.M. 572, 417 P.2d 58 (1966).

## B. NO ADDITIONAL ERROR

Defendant contends the trial court abused its discretion in failing to grant defendant's motions for continuance, discovery and inspection, and a bill of particulars.

The record shows the indictment was filed February 24, 1972. On March 6, 1972, defendant pleaded not guilty. On March 10, 1972, the motions were filed. A continuance was granted from April 10, 1972, to April 26, 1972, and trial began. Defendant was present in person and by attorney.

On the morning of trial, all motions were denied. Defendant's trial attorney claimed lack of preparation of a defense because defendant suffered contagious hep-

atitis and he was unable to contact defendant. The doctor's letter admitted in evidence stated that defendant had not been seen since March 6, 1972, and he was unable to comment on his physical condition at the time of trial. No other evidence was presented. The defendant did not argue the other motions. They seemed to have been withdrawn. There was no error committed in denying the above motions.

## C. FUNDAMENTAL ERROR REQUIRES REVERSAL

A serious question arises. Defendant's attorney stated that because of his inability to contact defendant due to disease, and inadequate preparation as a result thereof, he would not participate in the trial. Defendant received no defense. Yet, the trial court proceeded with the trial. This was fundamental error. It shocks the conscience of the court that trial would proceed against defendant without legal representation. State v. Garcia, 46 N.M. 302, 128 P.2d 459 (1942). "The assistance of counsel is a fundamental right in all criminal proceedings wherein a defendant is accused of a felony or any crime punishable by a possible penitentiary sentence . . . ." Section 21–1–1(92)(1), N.M.S.A.1953 (Repl.Vol. 4); State v. Coates, 78 N.M. 366, 431 P.2d 744 (1969); State v. Moser, 78 N.M. 212, 430 P.2d 106 (1967); 21 Am. Jur. Criminal Law, § 309; 23 C.J.S. Criminal Law § 979(1). The trial judge has a duty to fully safeguard the right to counsel. State v. Coates, supra. In this case, defendant had inadequate representation. State v. Moser, supra. See, State v. Gibby, 78 N.M. 414, 432 P.2d 258 (1967). His rights were violated and he did not receive a fair trial. Counsel on this appeal was not the attorney at trial.

It is not necessary at this time to discuss the role of judge and defense counsel at the beginning of trial in this case. See, Function of the Trial Judge, ABA Project on Standards for Criminal Justice.

On this point alone, defendant should be granted a new trial.