509 P.2d 1352

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Frederick Erwin LAUDERDALE,
Defendant-Appellant.**

**No. 979.**

Court of Appeals of New Mexico.

Feb. 23, 1973.

Rehearing Denied April 9, 1973.

Certiorari Denied March 15, 1973.

H. Gregg Privette, Privette & Arthur, Las Cruces, for defendant-appellant; Frederick Erwin, Lauderdale, pro se.

David L. Norvell, Atty. Gen., Frank N. Chavez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HERNANDEZ, Judge.

Defendant appeals his conviction on one count of burglary (§ 40A–16–3, N.M.S.A. 1953 (2d Repl.Vol. 6)). Prior to and during the trial the defendant had court-appointed counsel. Counsel was also appointed to prosecute this appeal, but the defendant filed a motion requesting permission to represent himself, which motion was granted.

The essential facts are uncontradicted. During the early hours of January 11, 1972, Police Officer Pena, on routine patrol, observed a man walking across a parking lot near a shopping center; the man was carrying two bags. All of the businesses in the center were closed for the night. As the man reached the sidewalk the officer flashed the patrol car's spotlight on him. The man dropped the bags and ran; Officer Pena pursued him into a construction area. The man jumped into an excavation where Officer Pena and two other officers who had been summoned by radio found the defendant and placed him under arrest.

The police officers then retrieved the dropped bags and found that they contained several watches, six pairs of slacks, a boy scout watch, compass and knife, two shirts and some socks. Almost all these items bore the price tags of one of the stores in the center and there were also some loose price tags in the bottom of the bags. A search of the general area of the incident revealed some other items hidden under a trailer, also bearing the price tags of the same store. The manager of the store was called and an inspection of the store showed evidence of a burglary. A broken window was discovered which the store manager testified had been intact at the close of business the evening before. The manager identified both the items found in the bags and the items hidden under the trailer as coming from his store.

Defendant's appeal is based on a claim of fundamental error.

■ "The doctrine of fundamental error is to be resorted to in criminal cases only for the protection of those whose innocence appears indisputably, or open to such question that it would shock the conscience to permit the conviction to stand." State v. Rodriguez, 81 N.M. 503, 469 P.2d 148 (1970).

■ Defendant argues that all of the evidence against him is circumstantial. He claims that the state did not submit any direct evidence whatsoever to show that he had been inside the store or that he had touched any of the items found in the bags or the items discovered under the trailer. That the evidence used to convict is circumstantial does not alter the requirement that we view the evidence upon conviction in a manner most favorable to support the verdict. State v. Sedillo, 82 N.M. 287, 480 P.2d 401 (Ct.App.1971).

"It is axiomatic that the burden rests upon the state to prove each and every essential element of the offense charged beyond a reasonable doubt. It is not necessary, however, that the charge be established only by direct evidence. Circumstantial evidence is sufficient if the circumstances point unerringly to the defendant and are incompatible with and exclude every reasonable hypothesis other than that of his guilt." State v. Slade, 78 N.M. 581, 434 P.2d 700 (Ct. App.1967).

The crime of burglary "consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein". § 40A–16–3, supra. The store manager testified that he had checked the building just before he left the previous evening and that it was securely locked. He further

testified that a window found broken shortly after defendant's apprehension had not been broken the evening before and that no one, including the defendant, was authorized to enter the store after closing time.

The defendant was seen near the store in the early morning when all the businesses were closed. He ran when a police officer attempted to stop him for questioning and while running dropped two bags which were found to contain merchandise taken from the store. We conclude that this evidence was sufficient, albeit circumstantial, for the jury to infer that defendant was the one who entered the store and took the merchandise.

Notice of appeal in this case was filed on April 5, 1972 and on the 6th, H. Gregg Privette was appointed to represent the defendant on appeal. A thirty day extension to file the transcript was granted and it was filed on July 25th. Defendant's brief-in-chief, submitted pro se was filed on August 2 and the State's answer brief on September 1. On September 5 defendant's court appointed attorney filed a supplemental brief which the State moved to strike on the grounds that it was not timely filed and that a request to do so by way of motion and supporting brief had not been filed. Action on the motion was reserved until the case was considered on its merits. There is nothing contained in the supplemental brief which would or should compel our disregarding the rules of this court. The State's motion is sustained and the supplemental brief is stricken.

Defendant had a fair trial. There is substantial evidence in the record to support the conviction and none of his essential rights were violated. We can find no fundamental error.

We affirm.

It is so ordered.

HENDLEY, J., concurs.

SUTIN, J., specially concurring.

SUTIN, Judge (specially concurring):

### (1) *Motion to Dismiss Supplemental Briefs Denied.*

Pending appeal, the state moved to dismiss supplemental briefs filed by defendant and by court appointed counsel. A ruling on this motion was delayed until the case was considered on the merits. In my opinion, the motion to dismiss should be denied.

After notice of appeal had been filed, an attorney was appointed by the trial court to represent defendant on this appeal. Defendant notified the trial court and court appointed attorney to withdraw. Court appointed attorney moved to be discharged as attorney of record for defendant. The trial court did not relieve the court appointed attorney from his duties in the case, but defendant was granted permission to file a brief pro se with this court.

Defendant requested withdrawal of his attorney because of claimed delay in obtaining the transcript, and defendant's lack of confidence in the attorney's willingness to assist defendant in this appeal.

Hon. Warren E. Burger, Chief Justice of the Supreme Court of the United States, in an address delivered before The American Bar Association, July 5, 1971, stated:

> An appeal like a ton of bricks, moves when it is pulled or pushed. Sometime the appeal lags because the transcript of testimony is not ready, since court reporters must often move on to the next trial, thus delaying preparation of transcripts.
>
> Another large factor in the excessive cost and excessive delay in criminal appeals is the tendency to appoint a new lawyer on appeal. . . . *No lawyer should be appointed by the court in any criminal case unless he is competent and willing to conduct the case to its final disposition if there is an appeal.* This should be made the subject of an agreed policy within each circuit or the Congress should direct it. [57 ABA J. 855, at 858].

Defendant herein did not state his trial attorney was competent and should continue with this appeal. Neither did he request another attorney. We cannot accept defendant's view that he prefers to proceed pro se. As stated in the special concurring opinion in State v. Lacour (N.M.Ct.App.), 506 P.2d 1212, decided February 9, 1973:

"The assistance of counsel is a fundamental right in all criminal proceedings wherein a defendant is accused of a felony or any crime punishable by a possible penitentiary sentence. . . ." (authority cited). The trial judge has a duty to fully safeguard the right to counsel.

The trial court properly appointed an attorney to represent defendant on this appeal. The attorney is to be complimented on the performance of his duties.

Defendant filed a brief pro se. Defendant's court appointed attorney filed a supplemental brief as ordered by the trial court. The state moved to dismiss because (1) there was no authority for submission of supplemental briefs; (2) the deadline for filing brief-in-chief had long since passed; and, (3) the state relied on the original brief and filed an answer brief.

The state relies on Baca v. Ceballos, 81 N.M. 537, 469 P.2d 516 (Ct.App.1970). This case holds that an appeal will not be dismissed on motion, absent a jurisdictional basis, unless there is a showing of prejudice pursuant to § 21–2–1(16)(4), N.M.S.A.1953 (Repl.Vol. 4). The points relied on for dismissal are not jurisdictional and no showing of prejudice was made. If the state required additional time in which to answer defendant's supplemental brief, a request should have been made.

Pursuant to § 21–2–1(16)(3), N.M.S.A. 1953 (Repl.Vol. 4), motions to dismiss are often filed by the state. If the purpose of the motion is to obtain additional time to file answer briefs, this method of delay cannot be condoned.

The defendant's brief and his attorney's supplemental brief should be considered by this court.

**(2) *Defendant's Right to Oral Argument on Appeal was within this Court's Discretion.***

Under § 21–2–1(1)(4), N.M.S.A.1953 (Repl.Vol. 4), defendant requested oral argument pro se in this court. This request was summarily denied. Thereafter, defendant presented his argument in writing.

The above rule provides in part:

*Either party,* at or before the filing of his first brief on the merits, may file written request for oral argument. (Emphasis added)

Section 21–2–1(1)(8), N.M.S.A.1953 (Repl.Vol. 4, Supp.1971) provides:

Oral argument of twenty [20] minutes *will be allowed each side* on motions and of thirty [30] minutes on each side on all other matters, unless the time shall be extended or abridged by the court. (Emphasis added)

Deleted from the rule by amendment was this sentence:

Not more than two [2] counsel on each side shall be permitted to speak.

"The procedure on appeals . . . in criminal cases shall be governed by the procedure on appeals . . . in civil cases except as otherwise specified by law or rule of the Supreme Court." Section 21–2–1(5)(3), N.M.S.A.1953 (Repl.Vol. 4). No exception to the right of oral argument has been made by the Supreme Court in criminal cases.

Did defendant have the right to argue pro se?

In Price v. Johnston, 334 U.S. 266, 286, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948), the court held that to the extent that a rule permits "parties to conduct their own oral arguments before appellate courts, it must be modified in its application to prisoners. Oral argument on appeal is not an essential ingredient of due process and it may be circumscribed as to prisoners where reasonable necessity so dictates. A prisoner's right to participate in oral argument on appeal is accordingly to be determined by the

exercise of the discretionary power of the circuit court of appeals. . . . "

This same rule is applicable in New Mexico. The right of a prisoner to argue his case on appeal in this court abides in the discretion of this court. Upon dismissal of his request for oral argument, the defendant made his argument in writing, a document filed in this cause.

(3) *The Claims of Error in Supplemental Brief do not Require Reversal.*

The supplemental brief filed by defendant's court appointed attorney raised four claims of error on appeal. Each claim of error was based on defendant's assertions before the trial court. Each has been reviewed and none has sufficient merit to warrant a reversal.

I concur in affirmance of the conviction and sentence.