524 P.2d 204

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Joe CRUZ, Defendant-Appellant.**

**No. 1465.**

Court of Appeals of New Mexico.

June 19, 1974.

Timothy P. Woolston, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Harvey B. Fruman, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Convicted of receiving stolen property in excess of the value of twenty-five hundred dollars contrary to § 40A–16–11, N.M.S.A. 1953 (2d Repl.Vol.1972) defendant appeals. Defendant's point on appeal is that the trial court " . . . committed fundamental error in delivering its shotgun instruction to the jury." We affirm.

The jury retired at 4:55 p. m. and deliberated until 6:40 p. m. when it recessed until 8:00 p. m. It then deliberated until 10:30 p. m. at which time the trial court delivered a shotgun instruction. The vote of the jury was nine to three.

The jury then retired at 10:40 p. m. Defendant objected to the instruction on the

". . . grounds that said instruction coerces a verdict. . . ."

The trial court then returned the jury to the courtroom at 11:07 p. m. and was told by the foreman that there had been a change in the vote to ten to two. When asked by the trial court if the jury was given a little more time whether they could reach a verdict the foreman stated: "In a way I do, and in a way I don't." The trial court then stated:

"THE COURT: I think that perhaps *since there has been some improvement* with reference to the vote structure since the Court instructed you the last time, I think that perhaps the Court will have you deliberate a little bit longer, and I wish that you would advise me here shortly if you feel that there is no chance of changing the vote, or if you think that possibly you can continue and arrive at a verdict. I know it's late at night, but by the same token, this has been a two-day case. *It is a long case, an expensive case,* and I think that perhaps if there is that possibility that you can arrive at a verdict, I would prefer that you do that. So, would you go on back and *we'll see if we can't arrive at a verdict.*" (Emphasis added).

The jury again retired at 11:10 p. m.

Defendant objected stating ". . . the same objections previously stated referring to the Court's comments, especially in matters of expense involved."

At 11:20 p. m. the jury announced it had reached a verdict and was returned to the courtroom, where a verdict of guilty was announced.

Defendant refers to the underlined portions of the court's statement to the jury as having ". . . the effect of coercing and hastening the jury in its deliberation and invaded the province of the jury by the inadvertent use of 'we'." Further, that the reference to the expense involved in a trial injected ". . . a false issue and false impression into the case."

■ The fact that the instructions were given four hours and fifteen minutes and four hours and forty-five minutes respectively after deliberation does not in and of itself give rise to error. Compare State v. Manlove, 79 N.M. 189, 441 P.2d 229 (Ct. App.1968). The fact that the trial court calls the jury's attention to the time and expense involved in the trial, not mentioned in the first instruction, was not improper. State v. Hunt, 26 N.M. 160, 189 P. 1111 (1920). Nor can we say, as a matter of law, that "the inadvertent use of 'we'" had ". . . the effect of coercing and hastening the jury in its deliberation and invaded the province of the jury. . . ."

■■ Defendant contends that State v. Manlove, supra, controls and cites it for the proposition of fundamental error. Since the sufficiency of the evidence to support the conviction is not in question we cannot say that it fails to support the verdict or that it conclusively shows defendant did not commit the crime. Nor can we say that defendant has been deprived of rights essential to his defense, or that it shocks the conscience to let the conviction stand. There was no fundamental error. State v. Lauderdale, 85 N.M. 157, 509 P.2d 1352 (Ct.App.1973); State v. Jaramillo, 85 N.M. 19, 508 P.2d 1316 (Ct. App.1973); State v. Travis, 79 N.M. 307, 442 P.2d 797 (Ct.App.1968).

Affirmed.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.