507 P.2d 793

Kenneth L. EVANS and Claudia L. Evans,
Plaintiffs-Appellants,

v.

MORTGAGE INVESTMENT COMPANY OF
EL PASO, TEXAS, Defendant-Appellee.

No. 1044.

Court of Appeals of New Mexico.

Feb. 23, 1973.

Thomas E. Horn, Albuquerque, for appellants.

Wm. H. Hyde, Shwartz & Hooker, Albuquerque, for appellee.

## OPINION

WOOD, Chief Judge.

The issue is the propriety of a summary judgment for defendant in plaintiffs' suit for compensatory and punitive damages based on an alleged conversion. The facts as to the alleged conversion are not disputed. The trial court ruled, as a matter of law, that there was no conversion. We agree.

Defendant holds the mortgage on plaintiffs' house. Monthly payments on the mortgage include a sum which is placed in an "escrow account." Payment of taxes and insurance is made from the escrow account.

In December, 1970, plaintiffs' escrow account did not have sufficient funds for payment of taxes for the entire year. Defendant asked plaintiffs for a remittance to enable defendant to pay the second-half taxes for 1970. This not being done, defendant placed the entire amount of plaintiffs' check for the January, 1971 payment in the escrow account. Thus, no part of the January, 1971 payment was applied to interest or to the mortgage loan.

Taking the position that second-half taxes would not be delinquent until May, 1971, plaintiffs demanded that their January, 1971 payment be applied as a regular monthly mortgage payment. Defendant declined to do so, asserting that the mortgage made no provision for payment of taxes in halves. Defendant also notified plaintiffs that they were in default in their mortgage payment, and of consequences that could follow from that default.

The escrow account had sufficient funds to pay the first-half of the 1970 taxes. Sums to be credited to the escrow account out of regular monthly payments in 1971, when added to the balance in the escrow account, would have been sufficient to pay the second-half of 1970 taxes before the second-half taxes became delinquent. On this basis, plaintiffs contend defendant had no right to apply the entire January, 1971 payment to the escrow account. Absent such a right, the claim is that defendant converted the January, 1971 payment.

No claim is made that defendant could not apply a monthly payment to the escrow account if in fact the funds in that account were insufficient to pay taxes. The mortgage provides that the single monthly payment is to be applied to items in a specific order, and is to be applied to taxes before being applied to interest or the mortgage loan.

The mortgage provision for the sums placed in the escrow account contemplates a sufficient sum to avoid any tax delinquency. ". . . If, however, the monthly payments made by the Mortgagor . . . shall not be sufficient to pay taxes . . . when the same shall become due and payable, then the Mortgagor shall pay to the Mortgagee any amount necessary to make up the deficiency on or before the date when payment of such taxes . . . shall be due. . . ."

■ The dispute is over the date the taxes were due and payable. Plaintiffs assert they were not due and payable until payment would have to be made to avoid a delinquency. The answer is provided by statute.

The taxes with which we are concerned are taxes on real property. The first-half of those taxes become delinquent on December 1st and the second-half become delinquent on the following May 1st. Section 72-7-3, N.M.S.A.1953 (Repl.Vol. 10, pt. 2). However, those taxes are "due and payable annually November first." Section 72-5-1, N.M.S.A.1953 (Repl.Vol. 10, pt. 2).

■ "Conversion is the wrongful possession of, or the exercise of dominion over, a chattel to the exclusion or in defiance of the owner's right thereto; or an unauthorized and injurious use thereof; or the wrongful detention after demand therefor by the owner. . . ." Taylor v. McBee, 78 N.M. 503, 433 P.2d 88 (Ct.App. 1967), and cases therein cited; see also Molybdenum Corp. of America v. Brazos Engineering Co., 81 N.M. 708, 472 P.2d 971 (1970). A check can be the subject of a conversion action. State v. First Nat. Bank of Albuquerque, 38 N.M. 225, 30 P. 2d 728 (1934).

■ At the time defendant demanded remittance of an amount to pay second-half taxes, those taxes were due and payable under § 72-5-1, supra. Under the terms of the mortgage, defendant could apply plaintiffs' January, 1971 payment on those taxes and plaintiffs were obligated to

make up the deficiency. The showing is that defendant's action was authorized, and was not wrongful.

 Although it is asserted that defendant's application of the January, 1971 payment "was done willfully and knowingly," this does not aid plaintiffs since the application of the payment to the escrow account was authorized.

Defendant's application of the payment being authorized, there was no conversion as a matter of law. Christensen v. Pugh, 84 Utah 440, 36 P.2d 100, 95 A.L.R. 608 (1934). The summary judgment was proper under Goodman v. Brock, 83 N.M. 789, 498 P.2d 676 (1972), and is affirmed.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.