**In re Benny FULGHAM, SS # 525–50–6473 Federal I.D. # 85–0209722, Debtor.**

**W.C. McCELVEY, Plaintiff,**

v.

**Benny FULGHAM, Defendant.**

**Bankruptcy No. 7–86–00074 MA. Adv. No. 86–0081 M.**

United States Bankruptcy Court, D. New Mexico.

Oct. 27, 1986.

Daniel J. Behles, Albuquerque, N.M., for plaintiff.

James C. Jacobsen, Albuquerque, N.M., for defendant.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court for trial on October 16, 1986, on the complaint of W.C. McCelvey to determine the dischargeability of a debt under § 523(a)(6) of the Bankruptcy Code.

At trial, plaintiff rested its case on various documents of record in the underlying federal district court proceeding *W.C. McCelvey v. Benny Fulgham,* No. CV–82–0770 BB, including the amended complaint, jury instructions 9, 10 and 23, the jury verdict and the judgment on the jury verdict. Plaintiff maintains that the underlying judgment necessarily included a determination that plaintiff's injuries were the result of a willful and malicious act by the defendant. Conversely, defendant maintains that a question of fact exists as to whether his actions were willful and malicious within the meaning of § 523(a)(6), that the district court did not necessarily determine this issue.

▮ Section 523(a)(6) provides that a debtor may not be discharged from any debt "for willful and malicious injury by the debtor to another entity, ...." The legislative history accompanying this section of the Code makes it clear that only deliberate or intentional acts are to be considered "willful". H.R.Rep. No. 595, 95th Cong., 1st Sess. 362–65 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5963, 6320–21; S.Rep. No. 989, 95th Cong., 2d Sess. 79 (1978), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5965. A finding that a defendant was in reckless disregard of the rights of others is insufficient for exception from discharge. *In re Compos,* 768 F.2d 1155, 13 C.B.C.2d 520 (10th Cir. 1985); *In re Poore,* 37 B.R. 246 (Bankr.D. N.M.1982). To establish malice sufficient for the purposes of § 523(a)(6), an act must be demonstrated to have been "wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill will." *In re Irvin,* 31 B.R. 251, 258 (Bankr. D.Colo.1983).

In *In re Compos,* the Tenth Circuit considered whether an injury caused while defendant was driving under the influence of alcohol constituted a "willful and malicious" act within the meaning of § 523(a)(6). *Compos,* 768 F.2d 1155. After noting appellant's argument that intentional drinking was an intentional act sufficient for § 523(a)(6) purposes, the court

held that "[s]ection 523(a)(6) does not except from discharge intentional acts which cause injury; it requires instead an intentional or deliberate injury." *Id.,* at 1158. The court did not elaborate on what constitutes an intentional or deliberate injury.

▮ This Court concludes that an "intentional or deliberate injury" includes an intentional act which *necessarily* causes injury as well as an act performed with the specific intent to injure. By implication, the performance of an intentional act which necessarily causes injury is an act performed with intent to injure. *See Irvin,* 31 B.R. at 258; *In re Cooney,* 18 B.R. 1011, 6 C.B.C.2d 302, 304–05 (Bankr.W.D.Ky. 1982).

▮ In the case at bar, the jury in the earlier district court proceeding found defendant to have committed assault and battery on the plaintiff. Plaintiff was thus awarded compensatory damages in the amount of $15,000.00 plus interest. If there was a finding in the district court proceeding that defendant's conduct was "willful and malicious" within the meaning of § 523(a)(6), then the doctrine of collateral estoppel bars this Court from relitigating the issue or going behind the court's record. *In re Mueller,* 34 B.R. 869, 9 C.B. C.2d 856, 858–59 (Bankr.D.Colo.1983). To make this determination, it is necessary to review the jury instructions upon which the jury rendered its verdict. The relevant instructions to the jury were as follows:

No. 9—A contact is the intentional touching of the person of another. A harmful contact is one which causes physical pain, injury or illness. An offensive contact is one which would offend another's reasonable sense of personal dignity.

No. 10—A person intends to commit a battery if he acts for the purpose of making a harmful or offensive contact with another.

No. 23—In the event you find that the plaintiff should recover actual damages, and if you *further* find that the acts of

the defendant were wilfully and maliciously motivated, then you *may* award exemplary or punitive damages. (Emphasis added)

Viewed in light of the resulting verdict, these instructions, in and of themselves, do not indicate that the jury found defendant to have maliciously and willfully injured plaintiff. Although the jury's verdict necessarily indicates that defendant intentionally acted to make a harmful or offensive contact, neither of these types of contacts, by their definition in jury instruction number 9, mandates that the defendant's contact be one which "necessarily causes injury". No finding of willful and malicious behavior was required to award compensatory damage.

Because the other portions of the record, outside the amended complaint, jury instructions, jury verdict and judgment, are not before this Court, it must conclude that the issue of whether defendant's acts caused "willful and malicious injury" to the plaintiff was not necessarily determined in the district court proceeding. Had the jury awarded punitive damages pursuant to instruction number 23, this ruling would have been otherwise.

■ The burden of proof is on the plaintiff in a case such as this to establish that the defendant's acts were willful and malicious within the meaning of § 523(a)(6). *Irwin*, 31 B.R. at 257. Further, plaintiff must meet this burden with clear and convincing evidence. *Id.* Because plaintiff relied on the underlying federal court judgment and presented no additional testimony to meet this burden of proof, this Court must find in favor of the defendant. Therefore, this Court holds that plaintiff has not sufficiently demonstrated that defendants acts were such as to prevent discharge under § 523(a)(6).

This memorandum constitutes the Court's findings of fact and conclusions of law. Bankruptcy Rule 7052.

An appropriate order shall enter.